## J. & J. H. Peck & Co. *v.* John Soragan.

### *Book account.　Tender.*

Where, in an action of book account, the defendant charged in his account an order drawn in his favor by a third person upon the plaintiffs, which was by them accepted, and the allowance of it, before the auditor, was resisted by the plaintiffs solely on the ground that they had paid it, and this was found by the auditor not to have been the fact; its allowance cannot, after that, be resisted in the county or supreme court, on the ground that it was not a proper charge to be adjusted in the book action.

A tender, under the statute, can be made in the book action; and if made in due time, and of a sufficient amount, and is at all times kept good, will entitle the defendant to his costs.

Book Account.　The auditor reported that the charges of the plaintiffs were admitted to be correct, as were also those of the defendant, except a charge for an order drawn by one Wm. T. Smith on the plaintiffs, and by them accepted, dated 19th August, 1850, and made payable to the defendant for the sum of $100,00, the allowance of which the plaintiffs resisted on the ground, as they alleged, that the order was paid by them, in cash, to the defendant at the time it was presented to them for acceptance.　The auditor found that it had not been paid, and allowed the amount of it to the defendant, and this left the balance due the plaintiffs $182,25. The auditor further reported that the plaintiffs' writ was served on the 12th of August, 1852, and was made returnable on the 21st of the following September; that on the 17th of September, 1852, the defendant tendered to the plaintiffs $235,00 to balance book accounts between them, and for the costs in this suit then accrued, which the plaintiffs declined to receive;—that the money, as tendered, was produced before the auditor, &c.　The auditor found that the plaintiffs' costs at the time of the tender were $3,28, and that the defendant's tender was $49,53 more than the balance of the plaintiffs' account and their legal costs at the time of the tender.

Upon this report the county court, November Term, 1854,— Peck, J., presiding,— rendered judgment for the defendant to recover his costs.　Exceptions by the plaintiffs.

*W. W. Peck & E. Harvey,* for the plaintiffs.

1. The acceptance was not a proper subject of charge on book, and the plaintiffs did not waive the objection by not making it before the auditor.

2. After suit, the defendant could not tender; The plaintiffs are entitled to the whole balance reported and full cost. *Green* v. *Shurtliff et al.* 19 Vt. 592. Comp. Stat. p. 593 § 6.

———————— for the defendant.

The opinion of the court was delivered by

BENNETT, J. The defendant charged in his account an order of one hundred dollars, drawn in his favor by one Smith on the plaintiffs. The auditor reports that the plaintiffs resisted the allowance of this item, upon the ground that it had been paid by them, which, he finds, was not the fact. It is now said that this was not a proper charge to be adjusted in the book action; but it is too late to raise that question. The parties both consented to treat this as a proper item to be adjusted in this action. The plaintiffs put their defence relative to it, upon the sole ground of payment, and we think they should be bound by the finding of the auditor. A stronger case where, by implication, the plaintiffs consent, to have this claim adjusted in this action, is to be inferred, cannot well be imagined.

The county court were correct in their decision, allowing to the defendant his costs. It has long since been settled that, under our statute, a tender can be made in the book action. It was made in this case, in due time, was of sufficient amount, and has been at all times kept good.

Judgment affirmed.