[No. 11084.   Department Two. — April 17, 1888.]

SARAH WALSH, EXECUTRIX, ETC., OF THOMAS WALSH, DECEASED, RESPONDENT, v. ROBERT McKEEN, APPELLANT.

PLEADING — PRACTICE — AMENDMENT — DEMURRER. — An error in overruling a demurrer to a complaint is cured if the plaintiff subsequently amend his complaint in the particular to which the demurrer was directed.

ID. — DISCRETION — AMENDMENT AT TRIAL. — It is within the discretion of the trial court to permit the pleadings to be amended during the trial, when necessary for the purposes of justice.

ID. — PRAYER FOR RELIEF — AMENDMENT FROM LEGAL TO EQUITABLE. — Where a complaint praying for legal relief states a cause of action entitling the plaintiff to equitable relief, the court may on the trial permit the prayer to be amended, so as to ask for the appropriate equitable relief.

PARTNERSHIP — ACCOUNTING BY SURVIVOR — COMPLETION OF LIQUIDATION. — It is not necessary that a surviving partner should have completed the liquidation of the partnership affairs before an action for an accounting can be maintained against him by the personal representative of the deceased partner.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

*H. A. Powell*, for Respondent.

BELCHER, C. C. — This is an appeal by the defendant from a judgment entered against him, and from an order denying a new trial.

The findings cover all the issues and are not assailed, but it is claimed that errors of law were committed by the court, for which a new trial should be granted.

In the complaint it is alleged that Thomas Walsh, the plaintiff's testator, and the defendant entered into partnership for the purpose of constructing a sewer in the city of San José; that while the sewer was being con-

structed Walsh died, and defendant afterward completed the work; that about the time they commenced to construct the sewer Walsh advanced $1,100 for the purpose of carrying on the work, and that the money was delivered to and used by defendant for that purpose; that defendant had received on account of the partnership business the sum of $20,505.50, and had paid out and disbursed the sum of $19,632.50, and that all the debts of the partnership had been paid; that plaintiff had demanded of defendant payment of the $1,100, and one half the balance of the proceeds of the partnership, but defendant had not paid the same to the plaintiff as executrix, or otherwise.

As originally filed, the prayer of the complaint was for judgment against defendant for the sum of $1,536.50, with interest, and costs of suit.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and that it was ambiguous and uncertain, because it did not appear therefrom but what Walsh in his lifetime received all moneys due or coming to him, or which he was entitled to receive, from the partnership business.

The demurrer was overruled, and defendant then answered, and, among other things, denied that Walsh at any time advanced the sum of eleven hundred dollars, or any sum, for the purpose of commencing and carrying on the work of constructing the sewer, and further denied that all the debts of the partnership had been paid or satisfied. And he alleged that the cost and expense of constructing the sewer exceeded the contract price, and that there was not then and never had been any money or proceeds of the partnership in his hands or possession; and further, that there had never been any accounting or settlement of the partnership affairs with the plaintiff.

During the progress of the trial the plaintiff was per-

mitted, against the objections of the defendant, to amend the prayer of her complaint so as to ask for an accounting, and for such other or further relief as might be deemed equitable and proper.

1. It is claimed that the court erred in overruling the demurrer. The argument is, that the action was one at law, and that such an action cannot be maintained by one partner against another, or one who had been such, until the accounts have been settled and a final balance ascertained. (*Ross* v. *Cornell*, 45 Cal. 133.) Conceding this to be so, still the complaint stated all the facts necessary for an accounting, and when the prayer was amended the action ceased to be one at law. The new complaint was not demurred to, and the error, if any, was then cured.

2. It is further claimed that the court erred in permitting the plaintiff to amend the prayer of her complaint. The objection interposed to the motion was, that it was made without sufficient notice, and that the amendment would operate to change an action at law into a suit in equity.

We see no error in the ruling. As to the first part of the objection, it is enough to say that applications to amend pleadings are addressed to the discretion of the trial court, and should be allowed at any stage of the trial when necessary for the purposes of justice. (*Farmers' National Gold Bank* v. *Stover*, 60 Cal. 387.) The record shows that in overruling the objection the court stated that it would grant a continuance, if defendant was surprised by the amendment. No continuance was asked for, and defendant cannot therefore claim error on this ground.

As to the alleged change in the nature of the action, an answer is found in the fact that we have in this state but one form of civil actions for the enforcement or protection of private rights (Code Civ. Proc., sec. 307); and where an answer has been filed, any relief may be granted

to the plaintiff which is consistent with the facts stated in the complaint. (Code Civ. Proc., sec. 580.) An action does not now, as formerly, fail because the plaintiff has made a mistake as to the form of his remedy. If the case which he states entitles him to any remedy, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled. "Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of court merely because his facts do not entitle him to relief *at law,* or merely because he is not entitled to relief *in equity,* as the case may be. He can be sent out of court only when, upon his facts, he is entitled to *no relief,* either at law or in equity." (*Grain* v. *Aldrich,* 38 Cal. 520; 99 Am. Dec. 423; *Emery* v. *Pease,* 20 N. Y. 64; Pomeroy's Remedies, sec. 71.)

In *Blood* v. *Fairbanks,* 48 Cal. 171, the plaintiff prevailed in the court below in an action at law. The defendant appealed, and this court held that the plaintiff's remedy was in equity for an accounting. It accordingly reversed the judgment, and remanded the cause for a new trial, with leave to the plaintiff to amend his complaint. If it was proper in that case to remand the cause with leave to amend, it certainly was not error for the court below to permit the amendment to be made, which is complained of in this case.

3. The point is made that the action was prematurely brought. This is rested upon the fact that *after* the action was commenced, defendant collected $228.11 of the partnership funds, and *when* it was commenced, a suit for $150, extra wages, was pending against the defendant and plaintiff, but afterwards dismissed.

It is not necessary that all the assets of a partnership be collected, and all claims against it be paid and satisfied, before an action for an accounting is brought. If it were, the surviving partner might never get the affairs

of the partnership into a condition when such action could be maintained. On the contrary, the action is often brought to settle all the affairs of a partnership, and, when necessary, the court can provide for the collection of the assets and the payment and protection of creditors.

We discover no error in the record, and therefore advise that the judgment and order be affirmed.

Hayne, C., and Foote, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.