[No. 12889.   In Bank. — August 5, 1889.]

F. C. BOGART, Respondent, v. CROSBY & VAN HAREN, Appellants.

Principal and Agent — Sale of Land — Agent not Liable to Vendee for Deposit. — A vendee under a contract for the sale of land who has paid a deposit on the purchase price to the disclosed agents of the vendor, which they have turned over to their principal, cannot maintain an action against the agents for its recovery on account of the failure of the vendor to perform the contract in time, although the vendor has, prior to the commencement of the action, redelivered the money to the agents.

Id. — Remedies of Vendee and Agent are against Vendor. — The questions whether the vendee is entitled to the return of the deposit, or whether the agents were entitled to commissions for making the sale, are to be determined in actions brought by them against the vendor. As between themselves, there is no liability either way.

Id. — Verbal Authority of Agent to Sell — Vendor when Estopped to Deny Agency. — The fact that the authority of the agents to sell the land was not in writing does not render them individually liable to the vendee for the deposit. The vendor, having received the deposit, is estopped, as against the vendee, to dispute or deny the agency.

Appeal from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Harry L. Titus,* for Appellants.

*J. E. Deakin,* for Respondent.

Works, J.—This action was brought by the respondent against the appellants, charging them with having received from the plaintiff, " *as the agent of said plaintiff,* the sum of three hundred dollars, to the use of the said plaintiff."

The court below did not find on the question of agency, but did find that the defendants "received the money to the use of said plaintiff," and rendered judgment for the amount and interest.

The appellants contend that the findings that the defendants received the money for plaintiff's use, and that

they thereby became indebted to him, are not sustained by the evidence.

This point is supported by the record before us. There is an entire want of any evidence to support either the findings or the allegations of the complaint.

The facts testified to by the respondent himself do not show that these parties were his agents, or that they received any money from him as such. His own testimony is, in substance, that the defendants were real estate agents; that he agreed to purchase from them a certain piece of property for six thousand dollars, and paid them three hundred dollars in cash, deed to be executed, and balance of purchase-money to be secured and paid thereafter; that he learned that these parties were not the owners of the land, by a statement from one of them that one of the owners was in the East, and would be gone for a week or ten days. This was after he had paid them the three hundred dollars and made the contract, he says; but whether it was before or after is immaterial.

The contract, which was in the nature of a receipt, was as follows: —

"SAN DIEGO, CAL., Sept. 23, 1887.

"Received this day of F. C. Bogart three hundred dollars as deposit on lot A, block 128, Horton's addition, together with two frame houses on said lot; purchase price, six thousand dollars; terms, three thousand five hundred dollars on delivery of deed, two thousand five hundred dollars in six months from date of deed, the deferred payment to bear ten per cent interest. We guarantee good title or no sale.

"CROSBY & VAN HAREN."

The absent owner did not return for a month, or near that time, and the plaintiff, in about three weeks, came to the conclusion that he would not take the property, and notified one of the owners (there being three of them) that he had bought other property "because of

the long delay," and that he wanted his money back. In the mean time the money paid by him had been paid over by the defendants to their principals, the owners of the land.

The owner referred to, when notified by plaintiff that he would not take the property, said he did not care whether he took it or not, but refused to pay him back his money, and told him that he would return it to the agents, and he could settle the matter with them. He did pay over to the defendants the said sum of three hundred dollars; the plaintiff demanded the amount from the defendants, who refused to pay it, and tendered a performance of the contract by making the deed, the absent owner having returned. The plaintiff refusing to carry out his contract, they claimed that he had forfeited his deposit, and that they were entitled to retain the money for their commissions agreed to be paid by the owners.

It is quite clear that this shows no cause of action against the appellants. They were not the agents of the respondent, but of the owners of the property. They had paid the money over to their principals, who had received and accepted it. They had disclosed to the plaintiff that they were agents, and who were their principals. If there was any liability to him, it was on the part of the principals, and not the agents. An agent may be held personally liable when he fails to make known his principal, or contracts in his own name, or where he exceeds his authority as such agent; otherwise, it is the contract of his principal, upon which he cannot be held liable. (Story on Agency, secs. 261, 263, 264, 267.) Neither of the contingencies named, upon which the liability of an agent can rest, appear in this case. The fact that the principals returned the money to the agents did not relieve them from liability (*Thomas* v. *Moody*, 57 Cal. 215), nor could it shift such liability to the appellants, nor could the fact that the appellants had, after the money came back into their hands, claimed

the same to have been forfeited, have any such effect. Their claim that they were entitled to commissions was a question between them and their principals, and was one with which the respondent had no concern. Their claim that he had forfeited the money by a failure to complete the contract was a question between the respondent and the owners of the property, and one in which the appellants, as agents, were not concerned. The forfeiture would have been to the vendors, and not to their agents. The respondent was bound to look to the owners of the property for his money, and the appellants were bound to look to the same source for their commissions. As between the parties to this suit there was no liability either way.

It is contended by the respondent that as it appears from the evidence that the appellants were only authorized verbally to sell, they were not the agents of the owners of the property, and therefore he was bound to look to them individually. But the evidence of the owners themselves shows that they verbally authorized the appellants to sell the property; that they ratified their acts by accepting the cash payment, and were willing to carry out their part of the contract.

This being the case, they would be estopped to deny the agency, as against the respondent's claim for the return of the money paid by him, and actually received by them, if he was entitled to recover the same.

Whether the respondent forfeited the amount paid by him by reason of his failure to accept and pay for the land is, as we have said, a question between him and the owners of the land, and need not be determined in this action.

Judgment and order appealed from reversed, and cause remanded.

McFARLAND, J., THORNTON, J., SHARPSTEIN, J., and PATERSON, J., concurred.

Rehearing denied.