[Civ. No. 3904.  Second Appellate District, Division One.—January 20, 1923.]

## MATTIE E. BURD, Administratrix, etc., Respondent, v. J. O. DOWNING, Appellant.

[1] PLEADING—RELIEF—JUDGMENT—EQUITY.—Where the facts alleged in a complaint authorize either equitable or legal relief, the courts will administer the appropriate kind and will even allow amendments to be made to the prayer to justify the judgment; and a party can be sent out of court only when, upon his facts, he is entitled to no relief, either at law or in equity.

[2] ID.—MUTUAL RESCISSION OF LEASE—DISCHARGE OF MORTGAGE.— Where a mortgage is given to secure payment of the rental for the last month of the term under a written lease and, subsequent to the execution of the lease but before the expiration thereof, the parties execute a mutual rescission of the lease and the lessee is released from all obligations thereunder, the mortgage debt is discharged; and a complaint alleging ' such facts and that the lessor has refused to release the mortgage is sufficient to support a judgment that the mortgage was satisfied and discharged.

[3] ID.—SUFFICIENCY OF PRAYER.—In such action, the prayer of the complaint for recovery of damages in certain stated amounts and concluding with the demand: "That an order may be made directing the defendants to execute a release of said mortgage, and for such other and further relief as the court may deem equitable," was sufficient to authorize the court to enter judgment that the mortgage had been satisfied and discharged.

[4] ID. — JOINDER OF CAUSES OF ACTION — FAILURE TO SEPARATELY STATE—LACK OF PREJUDICE.—Conceding that the equitable cause

of action for the discharge of the mortgage and the legal cause of action of damages alleged to have been caused by the refusal to satisfy the mortgage should have been separately stated, the defendant having been fully advised as to the cause of action upon which plaintiff relied, and the trial court having denied the legal relief prayed for, the defendant was not prejudiced by such error.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry K. Smith and J. O. Downing for Appellant.

W. M. Rex for Respondent.

JAMES, J.—The judgment in this action was in favor of the plaintiff, and defendant has appealed.

The plaintiff, after showing her appointment as administratrix of the estate of James Burd, deceased, alleged that on the twenty-first day of January, 1914, the said Burd entered into a lease with the defendant covering certain real property in the city of Long Beach known as the Kensington Apartments; that at the same time the said James Burd and Mattie E. Burd executed to the defendant a mortgage for the sum of $325 to secure the payment of the last month's rent to become due under said lease; that on the third day of April, 1914, an agreement in writing was made between the said James Burd and defendant, whereby the said lease was canceled and the lessee released from all obligations thereunder; that the rent due had been paid "including the last month of the term of said lease." It was further alleged that demand had been made by plaintiff administratrix upon defendant that he release the mortgage, which demand had been refused. By reason of such refusal it was alleged that the estate of James Burd had suffered damage in the sum of $500 and that said estate was entitled to collect a penalty of $100 in addition thereto. The prayer was for recovery of damages in the amount stated and concluded with the following demand: "That an order may be made directing the defendant to execute a release of said mortgage, and for such other and further relief as the court may deem equitable." There was a demurrer to the complaint, which assigned various grounds in

addition to the general ground that a cause of action was not stated. Among the special grounds was that which assigned a misjoinder of causes of action in that "a cause of action sounding in damages and a cause of action in equity" had been misjoined, and that they had not been separately stated. The court made findings determining that all the allegations contained in plaintiff's complaint were true and further specially found that the lease was canceled on the 3d of April, 1914, and that the debt for which the mortgage was given as security had not become due at that time. Notwithstanding the general findings determining all of the allegations of plaintiff's complaint to be true, the judgment allowed no damages to be recovered, but it was adjudged that the mortgage referred to had been satisfied and discharged.

Appellant contends first that the action as framed was one solely for damages and that the judgment of the court, being of an equitable character, is not sustained by the cause of action pleaded. **[1]** It is a settled rule of practice in this state that where the facts alleged in a complaint authorize either equitable or legal relief, the courts will administer the appropriate kind and will even allow amendments to be made to the prayer to justify the judgment. "Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of court, merely because his facts do not entitle him to relief *at law*, or merely because he is not entitled to relief *in equity*, as the case may be. He can be sent out of court only when, upon his facts he is entitled to *no relief*, either at law or in equity." (*Grain* v. *Aldrich*, 38 Cal. 514 [99 Am. Dec. 423].) "An action does not now, as formerly, fail because the plaintiff has made a mistake as to the form of his remedy. If the case which he states entitles him to any remedy, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled." (*Walsh* v. *McKeen*, 75 Cal. 519 [17 Pac. 673]. See, also, *Angus* v. *Craven*, 132 Cal. 691 [64 Pac. 1091].) **[2]** The complaint contained a statement of facts sufficient to support the judgment of the court. **[3]** The prayer of the complaint was also sufficient to authorize the relief awarded. **[4]** If it were to be conceded (and we do not mean to so hold) that

the equitable and legal causes of action should have been separately stated, the answer to the contention of error in that behalf is that no prejudice has been suffered by the defendant, for he was fully advised of the facts upon which plaintiff relied. Under the provisions of section 4½ of article VI there could not have been a miscarriage of justice.

The judgment is amply supported upon the evidence. It was shown that the lease made by the plaintiff's intestate was executed on the 21st of January, 1914, and covered a term of three years; it provided that the rental should be at the rate of $275 per month payable in advance for the first year, and $325 per month in advance for each of the two succeeding years. It further appeared that the mortgage referred to was executed to secure payment of the rental for the last month of the term; that on the third day of April, 1914, a little over two months after the making of the lease, the parties mutually agreed to a rescission of lease, and defendant was restored to possession of the property. As part consideration for the release defendant received the furniture in the apartment house subject to a chattel mortgage of about $1,100. The value of the equity, according to some of the testimony, was several thousand dollars in excess of that sum. The release was made in writing; it referred to the lease and referred to the mortgage made to secure the last month's rent and proceeded then with these statements: "Whereas said party of the second part is desirous of withdrawing from said lease and being relieved from all obligations thereunder. Now, Therefore, said party of the first part does hereby release said party of the second part from any and all obligations of whatsoever kind and nature under said lease, and does hereby agree that said lease be and the same is hereby set aside, canceled and annulled by mutual consent of the parties thereto and hereto." Under the express terms of the written release the defendant as lessor abandoned and relinquished all demands and claims which would have arisen in his favor had the lessee continued to hold the property. Necessarily he relinquished the right to enforce any further demands for the payment of rental. The mortgage was given to secure payment of the rental for the last month of the term and hence when the release was executed the mortgage debt was discharged.

Upon the face of the writing deliberately made by the parties, this conclusion is inescapable.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.