[Civ. No. 234. Fourth Appellate District.—August 27, 1930.]

W. JEFFERSON DAVIS, Appellant, v. ADINA MITCHELL, Executrix, etc., Respondent.

Wright & McKee and C. M. Monroe for Appellant.

Sweet, Stearns & Forward for Respondent.

MARKS, J.—Appellant is, and was, at all times material to this appeal, an attorney at law duly licensed to practice in all the courts of the state of California. John W. Mitchell, deceased, was a former client of appellant. Mitchell died in the city of San Diego, state of California, on July 2, 1925. His will was admitted to probate on the twenty-fourth day of July, 1925, and Adina Mitchell, his widow, appointed the executrix thereof. Thereafter she qualified as such executrix and entered upon the discharge of her duties.

On or about the fifteenth day of April, 1926, appellant filed with the county clerk of the county of San Diego a claim against the estate of John W. Mitchell, deceased, in which he demanded the payment of $10,000 for legal services alleged to have been performed for said deceased from October 21, 1921, to February 28, 1922. While the claim is not incorporated in the record, it is stipulated by the parties that it was in due form and based upon the reasonable value of the services alleged to have been rendered by appellant to deceased between the dates specified. The executrix failed to either allow or reject the claim for more than ten days after it was filed, and did not serve upon appellant any notice of its rejection or allowance. Appellant thereupon exercised his option to declare such failure a rejection of his claim, and filed suit to recover the money demanded by him. The original complaint filed was based upon *quantum meruit* for the services rendered. By leave of the court, appellant filed an amendment to his complaint, setting forth two further causes of action for the recovery of the same money for the same services rendered. In the first cause of action of the amendment to the complaint it was alleged that the demand was based upon a book account. In the second cause of action, of the amendment to the complaint, it was alleged that the demand was based upon an open, mutual and current account. The respondent in her answers denied all material matters except her appointment and qualification and presentation and rejection of the claim and pleaded the statute of limitations as a bar to the recovery on each of the three causes of action. During the trial attorneys for appellant admitted that the plea of the statute of limitations was a good and valid defense against the first cause of action for the reasonable value of the services rendered, and that they could not establish an open and mutual and current account between appellant and deceased. This left the appellant in court upon the cause of action which alleged a book account. Judgment went for respondent and appellant prosecuted this appeal.

There are but two questions to be considered and decided here. They are, first, whether the cross-examination of appellant by the attorneys for respondent, upon events happening before the death of the deceased, removed the bar imposed by section 1880 of the Code of Civil Procedure so

46

as to make appellant a competent witness in his own behalf; and, second, whether the plaintiff, having filed a claim against the estate for the reasonable value of the services alleged to have been performed by him for deceased, could recover upon a complaint alleging a book account, no mention having been made in the claim of any such book account.

■ Ordinarily a claimant against an estate cannot testify as to his transactions with the deceased. However, it is well-settled law in California that this disqualification may be waived by the representatives of the deceased. (*Kinley* v. *Largent*, 187 Cal. 71 [200 Pac. 937]; *McClenahan* v. *Keyes*, 188 Cal. 574 [206 Pac. 454]; *Deacon* v. *Bryans*, 88 Cal. App. 322 [263 Pac. 371].) This may be done in an action to recover the amount claimed by the cross-examination of a claimant by the attorneys for the estate, as to matters connected with, and material to, the cause of action which happened during the lifetime of deceased. ■ In the case before us appellant offered himself as a witness in his own behalf. During his cross-examination by the attorneys for the respondent he was interrogated concerning letters written by him to deceased inclosing statements of accounts for services which formed part of his claim and which letters were written during the lifetime of deceased. Appellant was further interrogated concerning an alleged agreement between himself and deceased as to a retainer of $250 paid to him by deceased in January, 1922, and also as to a conversation between the same parties concerning the payment of this retainer. Appellant was further interrogated concerning a trip which he made to Los Angeles upon business of the deceased, the expense of and compensation for which were charged against deceased. All of these matters inquired about in this cross-examination pertained to the services rendered by appellant for deceased prior to the death of deceased, compensation for which he was demanding from the estate. Under these circumstances we are forced to the conclusion that this cross-examination was sufficient to waive the bar of section 1880 of the Code of Civil Procedure, and rendered appellant a competent witness in his own behalf.

■ After this cross-examination was concluded appellant's attorneys immediately started to examine him concerning the items set forth in his book account against

deceased, and concerning the services rendered by him for deceased. Objections to these questions were made by respondent and sustained by the court. These rulings undoubtedly constituted prejudicial error that will require a reversal of the judgment and a new trial of the case. Had the cross-examination of appellant in this case gone no further than the cross-examination of the claimant in the case of *Deacon* v. *Bryans, supra,* we would not consider the disqualification of the statute waived, as we do not agree with the conclusions reached in the Deacon case under the facts thereof. ▮ If the broad language used by the court in the Deacon case is given a literal construction, any question asked of a claimant by the attorney for the estate, concerning an event happening during the lifetime of deceased, no matter how foreign to the controversy, would suffice to let down the bar of the statute and waive disqualification of the claimant as a witness. We believe the testimony elicited on cross-examination should relate to the controversy between the claimant and the estate in order to constitute it a waiver of the provisions of this section.

▮ The respondent earnestly maintains that since appellant is in court upon the allegations of his amended complaint, alleging a book account, and that since the claim filed set forth a demand for the reasonable value of services rendered by appellant to deceased, no recovery can be had for the reason that, since the claim did not set forth that it was evidenced by a book account, there is a fatal variance between the allegations of the complaint and the claim which will defeat the cause of action and prevent a recovery against the estate. It is alleged in the complaint that the services rendered and described in the claim were the same as those set forth in the book account.

In the case of *Thompson* v. *Koeller*, 183 Cal. 476 [191 Pac. 927], the deceased, Louise Koeller, with her husband, Frederick Koeller, executed to the plaintiff a promissory note secured by a mortgage. A claim against the estate of the deceased was presented, setting forth the demand, to which was attached a copy of the note and mortgage. The administrator of the deceased's estate permitted the statutory time, for him to act upon it, to expire, and an action was brought to foreclose the mortgage. The administrator pleaded that the note and mortgage were given as security

for the notes of third persons, and not as a primary obligation, and claimed that there was a fatal variance between the claim presented and the proof offered in support of it. The trial court gave judgment foreclosing the mortgage, which judgment was affirmed by the Supreme Court.

In the case of *Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305], a claimant against an estate filed a creditor's claim for $25,000 for personal services rendered Ellen M. Wilson, deceased, under a specific contract. The claim was rejected and an action started thereon. The allegations of the complaint followed the statement of the claim. An amended complaint was filed in which a contract other than the one set forth in the claim was alleged. The executor raised the point of variance, which the Supreme Court held not well founded, for the reason that the money demanded was compensation for the same services described in the complaint as those described in the claim. The opinion in this case carefully analyzes the questions presented as follows:

" 'It is further objected that whether or not the complaint on file states a cause of action the proposed amendment states a new and different cause of action barred by the statute. This presents a problem not easy of solution and concerning which the decisions of our own state seem not altogether in harmony. On this point I find no general rule laid down by the decisions in this state. All that is said is, that great liberality should be used by the courts in allowing amendments (*Burns* v. *Scooffy,* 98 Cal. 276 [33 Pac. 86], and cases cited); and that the allowance of amendments is a matter within the discretion of the courts. (*Coubrough* v. *Adams,* 70 Cal. 378 [11 Pac. 634]; *Lestrade* v. *Barth,* 17 Cal. 286.) And in practice the courts have been extremely liberal, as e. g., in *Heilborn* v. *Heinlen,* 72 Cal. 376 [14 Pac. 24], where the complaint was amended so as to describe a different tract of land from that described in the original complaint; or in *Walsh* v. *McKeen,* 75 Cal. 519 [17 Pac. 673], where the case was changed from an action at law to a case in equity; or in *Cox* v. *McLaughlin,* 76 Cal. 60 [9 Am. St. Rep. 164, 18 Pac. 100], where the change allowed was from an action on a special contract to an action on a *quantum meruit;* or, as in *Castagnino* v. *Ballette,* 82 Cal. 256 [23 Pac. 127], where the

change was from an action on a mechanic's lien to an action on the special contract, or in *assumpsit;* or in *Bogart* v. *Crosby,* 80 Cal. 195 [22 Pac. 84], where the principal debtors, who had been omitted from the original complaint, were brought in by an amendment. . . . In *Porter* v. *Fillebrown,* 119 Cal. 238 [51 Pac. 322], the complaint in an action at law upon a creditor's claim for a sum less than three hundred dollars and, hence, not within the jurisdiction of the superior court, was amended so as to make it an equitable action for an accounting of a trust within the court's jurisdiction; in *Union Lumber Co.* v. *Schouten,* 25 Cal. App. 80 [142 Pac. 910], the complaint alleging an action for goods sold and delivered was amended to allege an account stated; in *Mackroth* v. *Sladky,* 27 Cal. App. 112 [148 Pac. 978], the complaint alleging a written contract to divide commissions was amended by alleging an oral contract instead of the written one; in *Merchants C. Agency* v. *Gopcevic,* 23 Cal. App. 216 [137 Pac. 609], and in *Turner & Dahnken* v. *Bauer,* 28 Cal. App. 311 [152 Pac. 308], the complaints were amended to change the causes of action upon express contracts to causes upon a *quantum meruit;* and in *Cowell* v. *Snyder,* 171 Cal. 291 [152 Pac. 920], the complaint in an action to recover for the rent of land and the price of rock quarried was amended to plead an account stated.' . . .

"The same rules announced by the court in overruling appellant's various attacks upon the complaint as amended apply with greater force to the refusal to hold that there was a fatal difference between the creditor's claim as filed and the one upon which suit was brought, because the courts go further in upholding such demands against estates than in sustaining pleadings. Indeed, it is usually necessary in such cases to go more into details in the complaint than in the claim. In the claim as in the complaint the essential element was a substantial assertion of the contract and its fulfillment on the claimant's part."

Further support of this doctrine is found in the following cases: *Union Lumber Co.* v. *Schouten & Co.,* 25 Cal. App. 80 [142 Pac. 910]; *Enscoe* v. *Fletcher,* 1 Cal. App. 659 [82 Pac. 1075]; *Cavanaugh* v. *Cavanaugh,* 94 Cal. App. 271 [271 Pac. 109]; *Warder* v. *Hutchinson,* 69 Cal. App.

291 [231 Pac. 563] ; *Bryant* v. *Wellbanks*, 88 Cal. App. 144
[263 Pac. 332] ; *Standiford* v. *Cantrell*, 87 Cal. App. 736
[262 Pac. 800] ; *Robinson* v. *Chapman*, 98 Cal. App. 278
[276 Pac. 1081] ; *Lauritsen* v. *Goldsmith*, 99 Cal. App.
671 [279 Pac. 168].

With the foregoing authorities before us, we are of the
opinion that in so far as the items set forth in the book
account are the same as those upon which the claim filed by
appellant against the estate of John W. Mitchell, deceased,
were based, there is no sufficient variance between the cause .
of action alleging a book account, and the claim based upon
the reasonable value of the services rendered, to defeat
appellant's action.

▋ As the case must be tried again, the trial court
should bear in mind that the claim filed was for services
rendered only, and that any items in the book account not
for the value of the services rendered should be rejected.
The record before us contains photographic copies of the
books of appellant, and a number of the charges set forth
are not for services rendered, and, therefore, cannot form
a basis of recovery against the estate. (*Barthe* v. *Rogers*,
127 Cal. 52 [59 Pac. 310].)

▋ Respondent further contends that the judgment of
the trial court should be sustained under the provisions of
section 4½ of article VI of the Constitution, because of the
inherent improbability of the justness of the claim filed by
the appellant. The appellant was not permitted to testify
as a witness in his own behalf concerning his transactions
with the deceased. To determine this contention of respond-
ent it will be necessary that all of the evidence in the case,
with the testimony of appellant, be heard and considered.
This should be done by the trial judge, who will have the
witnesses before him. It cannot be determined upon this
appeal.

Judgment reversed.

Barnard, Acting P. J., and Ames, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the
District Court of Appeal on September 22, 1930, and a
petition by respondent to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 23, 1930.

Shenk, J., and Curtis, J., dissented.