[L. A. No. 14060.   In Bank.—June 21, 1933.]

W. JEFFERSON DAVIS, Respondent, v. DOUGLAS L. EDMONDS, Administrator, etc., Appellant.

Stearns, Luce & Forward and Gray, Cary, Ames & Driscoll for Appellant.

Wright & McKee and C. N. Monroe for Respondent.

THE COURT.—Appeal from a judgment in the plaintiff's favor in an action on a book account for services rendered as an attorney.

The original complaint was filed on May 21, 1926. It was based on a rejected claim of $10,000 filed in the matter of the estate of John W. Mitchell, deceased, for the reasonable value of legal services rendered by the plaintiff to the decedent in the latter's lifetime during the period from October, 1921, to February, 1922. Subsequently the plaintiff, by leave of court, filed an amendment to his complaint setting up two additional causes of action, one for the same sum based on a book account for services performed; and the other involving the same claim based on a balance due upon a mutual, open and current account. Judgment in the sum of $10,000 was sought against the defendant. In addition to general and specific denials the defendant invoked the statute of limitations as to all three counts.

The issues were twice tried. On the first trial the plaintiff conceded the outlawed character of the claim based upon *quantum meruit,* and he abandoned the third count when it became apparent that there was no evidence of a mutual, open and current account. It was conceded upon

that trial that if the plaintiff could recover at all it must be on the cause of action based on the book account; and the bar of the statute of limitations has not since been urged as to this count.

On both trials there was offered and received in evidence, over certain objections of the defendant, the journal and ledger sheets of the plaintiff as constituting the book account. The items of charges for legal services rendered to the decedent consisted of an entry of a charge of $1,000 as a retainer, a credit of $250, and an additional entry of a charge of $1500 for legal services.

Objection on the first trial was made to the plaintiff's testifying on his own behalf concerning transactions had with the decedent, on the ground that the plaintiff was not a competent witness pursuant to the provisions of section 1880 of the Code of Civil Procedure. The objection was sustained on that ground and on the further ground that the bar of that section had not been removed during the cross-examination conducted by the attorneys for the defendant. The absence of testimony of the plaintiff concerning transactions covered by the items in the book account was made the basis of the judgment for the defendant on the first trial. On appeal the judgment was reversed. (*Davis* v. *Mitchell,* 108 Cal. App. 43 [290 Pac. 887].) The ground of reversal was that during the cross-examination conducted by the attorneys for the defendant the plaintiff was interrogated concerning transactions had with the decedent directly relating to the services rendered by him to the decedent and his compensation therefor and that the court erroneously concluded that the bar of section 1880 of the Code of Civil Procedure had not been waived or removed. It was there determined that prejudicial error had been committed in excluding the plaintiff's testimony concerning the items set forth in his book account.

The decision on that appeal shows that the only contention made by the defendant in support of the judgment, in addition to opposing the grounds urged for a reversal, was that the plaintiff was not entitled to sue on a book account inasmuch as his claim filed in the estate was based on *quantum meruit,* and that there was a fatal variance between the cause of action alleged in the original complaint and the cause of action attempted to be set up by the

amended complaint. It was determined, however, that inasmuch as the items set forth in the book account were the same as those alleged in the claim filed, there was no sufficient variance between the cause of action alleging a book account and the claim based upon the reasonable value of the services rendered. (*Davis* v. *Mitchell, supra*, p. 47.)

On the second trial of the case the plaintiff recovered judgment in the sum of $2,354, based on the charges and credits comprising the book account, less $500 thereof which the court found was a charge made for services rendered subsequent to the period included in the plaintiff's rejected claim. On the present appeal from that judgment the grounds urged for a reversal are, first, that the court erred in overruling the defendant's objections to the introduction of the plaintiff's account made on the grounds that the items were not original entries because not shown to have been made contemporaneously with the transactions or services they purport to cover and that the items of charge are not the proper subject of a book account; and, second, that the court erred in overruling the defendant's objection that the plaintiff was not a competent witness notwithstanding his incompetency had been waived on the former trial. The contention was urged by the plaintiff on the second trial and is urged on this appeal that by reason of the decision on the former appeal the stated grounds are not available to the defendant.

█ Various arguments are advanced by the defendant to sustain the grounds urged for a reversal, and in particular the grounds relating to the competency of the book account as evidence. Whatever merit there may be in the defendant's arguments in that behalf, it must be said that the objections come too late. The failure timely to make or urge the objections constitutes a waiver which is binding on the defendant on the record now presented. (*Argue* v. *Monte Regio Corp.*, 115 Cal. App. 575 [2 Pac. (2d) 54]; *J. & J. H. Peck & Co.* v. *Soragan*, 27 Vt. 92; *Bliss* v. *Allard*, 49 Vt. 350; *Perry* v. *Simpson Waterproof Mfg. Co.*, 40 Conn. 313; *Town of Alton* v. *Town of Gilmanton*, 2 N. H. 520; Jones on Evidence, 3d ed., sec. 259; 1 C. J. 672, sec. 218.) Obviously, the objections either not having been made on the former trial or not having been urged as a ground or grounds for upholding the judgment, the merits thereof

were not expressly decided by the decision on the former appeal. Nevertheless that decision necessarily is, just as effectually as though expressly so stated, that, inasmuch as the objections were waived by not having been made or not having been urged, the items constitute the proper subject of a book account. It may very well have been expressly so stated, and in such a case no question of its binding effect could have been entertained. In fact, without that decision having been made it must be assumed that the judgment would not have been reversed. It was a necessary element in the final determination. The evidence involved is the same on this as on the former appeal. The decision on the former appeal, having established the character and competency of the evidence as the proper subject of a book account, is binding on the parties hereto on this appeal. (See 2 Cal. Jur., p. 954 et seq., and cases cited.)

Upon the final determination of the appeal from the judgment rendered on the first trial, the only function of the court on a retrial was to receive the plaintiff's testimony concerning the items of the account (*Deacon* v. *Bryans*, 212 Cal. 87 [298 Pac. 30]), and proof of their correctness (22 C. J., p. 867), which was, in fact, the course followed. The record shows that in its rulings the trial court considered and interpreted the decision on the former appeal. No error in overruling the objections now urged is perceived. It may be said that all of the contentions and arguments of the defendant are concluded by the determination on the former appeal and need not be further specifically noticed.

The judgment is affirmed.