[Civ. No. 5442. Third Appellate District.—November 20, 1935.]

MARY ELIZABETH CAHILL, Respondent, v. EMIL C. GOECKE, Executor, etc., Appellant.

Doyle, Clark, Thomas & Johnson for Appellant.

A. E. Garten and Vern E. Garten for Respondent.

PLUMMER, J.—At the conclusion of the trial of the above-named action the court made its findings of fact No. 111, which reads as follows:

"That the said sum of One Thousand Seven Hundred Sixty-nine and 28/100 Dollars ($1,769.28), now on deposit with L. E. Lampton, County Clerk of Los Angeles County, California, belongs to, and is the property of, plaintiff, Mary Elizabeth Cahill, and should be paid to the said plaintiff, Mary Elizabeth Cahill."

Judgment was thereupon entered in favor of the plaintiff, from which judgment the defendant appeals.

The money mentioned in the finding and judgment is the value of a certain building and loan certificate which was converted into cash during the pendency of the trial and the money placed in the custody of the clerk of the court to await the termination thereof.

Some time prior to the year 1931, W. L. Waldo and Laura Waldo, his wife, acquired an accumulative investment certificate of the Mutual Building and Loan Association at Long Beach. The certificate was attached to a pass-book, and on the front of the pass-book the name of "W. L. Waldo" was written. The records of the association show that the certifi-

cate just mentioned belonged to W. L. Waldo and Laura Waldo, as joint tenants with the right of survivorship. Laura Waldo died during the year 1931, and while it appears that no proceedings were taken to obtain a decree of any court that the wife's interest in the certificate had terminated and that W. L. Waldo became the sole owner thereof by reason of the right of survivorship, it is sufficient to say that by reason of the right of survivorship under the certificate, the sole ownership immediately vested in W. L. Waldo without any adjudication of court evidencing that fact. The decree of the court establishing the death of Laura Waldo would be an evidence of title, and an evidence that the title had passed to W. L. Waldo, but would not constitute, in and of itself, transfer of title, as the title would have already passed by operation of law.

The plaintiff in this action appears to have been a foster daughter of W. L. Waldo and Laura Waldo, and had lived with them for a great many years. It appears in the record that some time during September, 1932, W. L. Waldo handed to the plaintiff a joint tenancy card and asked the plaintiff to sign the same. This card was signed, returned by the plaintiff, but just what became of the card does not appear. However, it does appear that the name of the plaintiff was thereafter written upon the pass-book just referred to by some-one other than the plaintiff. The record would indicate that it was written by some officer, clerk or employee of the Mutual Building and Loan Association. The pass-book with the certificate attached remained in possession of W. L. Waldo until on or about the 6th or 7th day of February, 1933, at which time the pass-book was handed to the plaintiff by W. L. Waldo, together with the statement made by W. L. Waldo to the plaintiff that "this is yours". Shortly thereafter W. L. Waldo, who had been ill for several months, was taken to an hospital, where he subsequently died. It appears that small sums of money were drawn from the building association both by W. L. Waldo and also by the plaintiff. After the delivery of the pass-book, with the certificate attached, to the plaintiff, it remained in her custody and control. Upon the death of W. L. Waldo the executor of his estate claimed the ownership of the property. Hence, this action.

No question is raised as to the competency of W. L. Waldo at the time of the delivery of the pass-book and certifi-

cate to the plaintiff. No question is raised that the pass-book and certificate were delivered to the plaintiff by W. L. Waldo during his lifetime. The argument of the appellant is simply directed to the point that the transaction did not amount to a transfer of whatever title and ownership W. L. Waldo had in the pass-book and certificate, and did not constitute a gift.

Some contention is made by the appellant that the complaint is so worded that the finding of a gift of the pass-book and certificate by W. L. Waldo to the plaintiff could not be sustained by testimony showing an immediate gift and transfer of title by the delivery of the pass-book, on the theory that the title passed only upon the death of W. L. Waldo. Just to what extent the court was influenced by the character of the pleading filed by the plaintiff does not seem to us to be very material. The testimony in the case, if accepted by the court and acted thereon, was amply sufficient to support a finding that the title to the pass-book and certificate passed immediately upon the handing of the same by W. L. Waldo to the plaintiff, with the statement that the pass-book and certificate was then and there the property of the plaintiff. True, W. L. Waldo used the language, ''this is yours'', but that is equivalent to any language importing a gift. We think it is just as effective as though W. L. Waldo had said to the plaintiff, ''I am making a gift of this pass-book and certificate to you, and am handing it to you to take possession of, keep, and have as your own property.'' At the time of the delivery of the pass-book with the certificate attached, there was no written assignment entered thereon by W. L. Waldo. This, however, was unnecessary.

In the case of *Dellepiane* v. *Hynes,* 83 Cal. App. 604 [257 Pac. 180], the absence of a signature to a chose in action when delivery thereof is made, with the intention of transferring title by way of gift, is wholly immaterial. The decision in that case, supported by numerous citations, is well indicated by one of the syllabi, which we quote: ''The delivery of a pass-book covering a savings account, with the intention of making a gift of the deposits represented by it, is sufficient to pass title to the deposits without written assignment or order, under section 1146 of the Civil Code, defining a gift, section 1147, relating to verbal gifts, section 663, defining personal property, and section 953, defining choses in action.''

In *Crane* v. *Reardon,* 217 Cal. 531 [20 Pac. (2d) 49], we find the following: "While it has been held that under our statute there cannot be a valid oral gift of a chose in action not evidenced by a writing (*Adams* v. *Merced Stone Co.,* 176 Cal. 415 [178 Pac. 498, 3 A. L. R. 928]), it is well settled that where the chose in action is evidenced by a written instrument such as a note, bank pass-book, bill of exchange, etc., mere manual delivery without written endorsement is sufficient. (*Dellepiane* v. *Hynes,* 83 Cal. App. 604 [257 Pac. 180].) The same rule should be applied, and has been held to apply, to the delivery of shares of stock. (*Leyson* v. *Davis,* 17 Mont. 220 [42 Pac. 775, 31 L. R. A. 429]; *Grimes* v. *Barndollar,* 58 Colo. 421 [148 Pac. 256]; *Talbot* v. *Talbot,* 32 R. I. 72 [78 Atl. 535, Ann. Cas. 1912C, 1221]; Mechem, Gifts of Corporation Shares, 20 Ill. L. Rec. 9; 28 C. J. 700.)"

■ The appellant urges as a further ground for reversal that the testimony in this case showing a gift of the pass-book and certificate is supported only by the testimony of the plaintiff, and that under the provisions found in subdivision 3 of section 1880 of the Code of Civil Procedure, her testimony cannot be considered. The record shows the cross-examination of the plaintiff in which all of the details of the transaction were covered very fully, and the plaintiff made to testify as to the gift, the words used, and the actual manual delivery of the pass-book with the certificate attached. Under such circumstances the prohibitions found in subdivision 3 of section 1880, *supra,* must be held to have been waived. This appears conclusively established by the opinion in the case of *Deacon* v. *Bryans,* 212 Cal. 87 [29 Pac. 30]. In that case the court said: "There is no question but that the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure may be waived by an executor." (Citing *Kinley* v. *Largent,* 187 Cal. 71 [200 Pac. 937]; *McClenahan* v. *Keyes,* 188 Cal. 574 [204 Pac. 454].) To the same effect is the case of *Davis* v. *Mitchell,* 108 Cal. App. 43 [290 Pac. 887].

There being no conflicting evidence as to what took place in this case, the only point being as to whether a gift could be made in the manner set forth and the justification of the trial court in acting upon the testimony of the plaintiff, we do not deem it necessary to cite any authorities as to what acts are necessary to constitute a gift, other than those which we have

cited to the effect that a written assignment in this case was unnecessary.

Finding no merit in the appeal, the judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1936.