[Civ. No. 2778.   Fourth Dist.   Aug. 6, 1941.]

PERCIVAL E. WOODS, Plaintiff and Respondent, v. INEZ WATSON, Appellant; L. E. DADMUN, Cross-Defendant and Respondent.

Arthur E. Briggs and Chas. E. McGinnis for Appellant.

L. E. Dadmun, *in pro. per.*, and P. E. Cavaney for Respondents.

MUNDO, J., *pro tem.*—L. E. Dadmun was employed by Inez Watson to represent her in a law suit. After judgment was given in said law suit Inez Watson agreed in writing to pay Dadmun for his legal services. Dadmun assigned to Percival E. Woods the contract and his interest in the money due thereunder. Inez Watson did not pay the money and Woods brought this action to recover. Inez Watson filed an answer, counterclaim and cross-complaint. Dadmun was joined with Woods as a cross-defendant and they filed a joint answer to the cross-complaint in which, *inter alia,* they alleged:

" . . . admit that said L. E. Dadmun did assign and transfer to Percival E. Woods that certain written contract entered into upon the part of Inez Watson on or about the 28th day of August, 1936, and signed and approved by Cornelius Kallmeyer, which said agreement was signed by Inez Watson after the rendition of the decree of divorce rendered in said action entitled, *Inez Watson* vs. *John T. Watson, et al.,* No. D–135555, wherein and by virtue of said agreement Inez Watson did agree to pay to L. E. Dadmun, for his legal services rendered in said action entitled *Inez Watson* v. *John T. Watson, et al.,* No. D–135555, a sum of money equal to thirty-three and one-third per cent (33 1/3%) of the amount recovered, and that said cross-defendants allege and aver that the amount so specified in said agreement, to-wit: A sum equal to thirty-three and one-third per cent (33 1/3%), was and is a reasonable amount to be paid by said Inez Watson to said L. E. Dadmun for his legal services so rendered and performed for and in behalf of said Inez Watson at her special instance and request in the prosecution of said action against

Alvin Poore and Beulah Poore, and the defending of said Inez Watson as a cross-defendant in the action filed by Alvin Poore and Beulah Poore as cross-complainants, against Inez Watson, which said cross-complaint was filed in the action entitled *Inez Watson* vs. *John T. Watson, et al.*, No. D–135555, and that the reasonable value of the legal services so rendered to said Inez Watson in the said action entitled, *Inez Watson* vs. *John T. Watson, Alvin Poore and Beulah Poore*, No. D–135555, was and is a sum of money equal to thirty-three and one-third per cent (33 1/3%) of the amount recovered for and in behalf of said Inez Watson in said action, and that said contract herein referred to is the same contract referred to in said Percival E. Wood's Second Amended Complaint, filed in the above entitled action, which was assigned by said L. E. Dadmun to Percival E. Woods, as alleged and set forth in said complaint.''

At the conclusion of the trial the court allowed Dadmun to file an amendment to the said joint answer to conform to proof. In this amendment Dadmun alleged that the reasonable value of services performed by him for Inez Watson at her request was $6,071.85, and that this amount less certain credits is due from Inez Watson to Dadmun. He also incorporated by reference certain allegations of the joint answer, which included the language hereinbefore quoted. The court found (finding 13) that the contract signed on February 16, 1935, was in contemplation of divorce; that (finding 36) the contract dated August 28, 1936, was entered into by Inez Watson in consideration of the legal services rendered Inez Watson by L. E. Dadmun, in defending her in the cross-complaint of *Alvin Poore and Beulah Poore* v. *Inez Watson*, and in recovering real and personal property from Alvin Poore and Beulah Poore, and did not include any of the legal services rendered Inez Watson in obtaining her divorce in the case of *Inez Watson* v. *John T. Watson;* and also (finding 49) that the reasonable value for all the legal services rendered by Dadmun is the sum of $5000, and that Dadmun is entitled to recover from Inez Watson said sum less certain credits.

As its conclusions of law the court concluded: (1) that Dadmun is entitled to recover from Inez Watson the reasonable value for services rendered; (2) that the contracts dated February 16, 1935, and August 28, 1936, are each void and contrary to public policy, being contingent upon divorce; (3) that both

of said contracts are void and should be canceled; (4) that the claim of Percival E. Woods is based upon assignment of the alleged contract of August 28, 1936, and he has no enforceable claim either upon express or implied contract. Judgment was given in favor of Dadmun for $2892.75. Inez Watson appeals. No appeal was taken by Woods. Inez Watson contends that the judgment in favor of Dadmun is at variance with the admissions of the pleadings and the valid findings of the court. She says: "there was no pleading asking for relief for L. E. Dadmun either upon said special contract or upon *quantum meruit,* nor was any allegation of fact made for relief for L. E. Dadmun, but on the contrary, for Percival E. Woods; nor even in the amended answer of L. E. Dadmun and Percival E. Woods to conform to proof was there an abandonment of their original affirmative defense, but indeed a reaffirmance of that defense by incorporating the paragraphs of their original answer which so pleaded and alleged the defense in behalf of Percival E. Woods and not in behalf of L. E. Dadmun. It is only the prayer in the amended answer to conform to proof which asks for anything different from that sought in the original answer, the cause of action in substance remains the same."

■ On this appeal which is taken on the judgment roll alone, the findings are conclusively presumed to be supported by the evidence; the findings are to receive, if possible, such a construction as will uphold rather than defeat the judgment thereon; they are to be liberally construed and if possible any ambiguity or inconsistency will be resolved in favor of sustaining the judgment; and the judgment will be sustained unless some reversible error concerning a matter of law appears on the face of the record. Every presumption and intendment is to be resolved in favor of the regularity of the proceedings in the trial court and in the absence, as here, of the transcript of the evidence, it will be presumed that facts found not within the formal issues were supported by evidence introduced by the parties under stipulation or without objection. (*Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673 [22 Pac. (2d) 5].) ■ The joint answer to the cross-complaint of Inez Watson alleged that the amount specified in the agreement was and is a reasonable amount to be paid by Inez Watson to L. E. Dadmun for his legal services so rendered and performed for and in behalf of Inez Watson at her special instance and request. This allegation would sup-

port an action in behalf of Dadmun upon *quantum meruit*, and the contract is referred to only in the sense that the amount mentioned in the contract is a reasonable amount to be paid for Dadmun's services. By this pleading Dadmun is not holding Inez Watson to the obligation of her contract but is adopting the amount which she agreed in the contract to pay as being a reasonable amount for his services rendered.

As far as Dadmun's *quantum meruit* is concerned, it matters not whether the contract is valid or void. ■ Elsewhere in the joint answer it is alleged that Inez Watson is indebted to Woods, and the prayer of the joint answer asks that Woods be given a judgment against Inez Watson. Upon this appeal we may assume that the evidence cleared up this inconsistency and that it showed Dadmun and not Woods to be the one entitled to recover a judgment from Inez Watson. (*Cullen* v. *Foster*, 39 Cal. App. 625 [179 Pac. 695].)

■ In short, we have a case where a party claims the judgment should go to his co-party and the court finds the party himself to be the one entitled to the judgment. In such a case the court may allow an amendment to conform to proof and it may allow an amendment to the prayer to justify the judgment provided, of course, as we have here, the party has stated a cause of action, the amendment does not change the cause of action, and the judgment is supported by the evidence. (*Zellner* v. *Wassman*, 184 Cal. 80 [193 Pac. 84]; *Walsh* v. *McKeen*, 75 Cal. 519 [17 Pac. 673]; *Burd* v. *Downing*, 60 Cal. App. 493 [213 Pac. 287].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied August 28, 1941, and appellant's petition for a hearing by the Supreme Court was denied October 2, 1941.