Lestrade *v.* Barth.

---

## LESTRADE *v.* BARTH.

THE Court below has power to grant amendments whenever, at any stage of the trial, they are necessary to the purposes of justice; and this power should be liberally exercised to secure a fair and speedy trial on the merits.

Where, on the trial of an ejectment suit, certain evidence offered by defendant was rejected on the ground, that the averment in the answer that the original location of the lot in dispute was according to "the actual *plan* then used and recognized of the town of San Francisco or Yerba Buena," meant the map of

the survey and not the actual survey or plan on the ground; and the Court refused defendant permission then to amend his answer in this respect, but subsequently granted him a new trial for that purpose : *Held,* that the Court below had the power to grant the new trial for this cause; and that this Court will not interfere.

APPEAL from the Twelfth District.

Ejectment for a portion of fifty-vara lot, No. 48, in San Francisco, fronting on Pacific street, and commencing one hundred and sixty-seven and one-half feet from the west line of Kearny street, as now located—and according to the present map of the city of San Francisco—and running westerly twenty-six and one-half feet.

Plaintiff claims by deed from the heirs of V. Bennett, the original grantee of the lot from the Alcalde of San Francisco, in February, 1847. The defense intended was, that in 1847, at the time of said grant to V. Bennett, the lots and streets were actually laid down on the ground differently from the present location; and that this Lot 48, as actually occupied by Bennett, until his sale and conveyance to one Serine, and claimed by him, as and for Lot 48, so granted to him, laid twenty-six and one-half feet further west than the present actual plan or location of the same. That said lot was fenced by said Bennett, in accordance with such original location; and that his house was actually built and occupied by him, on the westerly twenty-six and one-half feet of the lot, and cut off by the " swing of the town," or change of location. That V. Bennett, on the tenth of March, 1849, while so in possession and claiming said original location as Lot 48, sold a portion thereof to Serine for valuable consideration, and conveyed the same to him by deed, by the following description :

" The eastern part of the lot of land, No. 48, on the plan of the town of San Francisco, containing thirty feet on Pacific street, and running back fifty varas, being the eastern portion of said Lot No. 48, and a part of said lot of land granted to the said V. Bennett by the Alcalde of San Francisco, by title deed, dated twenty-seventh February, 1847, and recorded on page two hundred and twenty-three, book A, archives of San Francisco."

That Serine went into possession of the land in question under this deed ; that V. Bennett, who retained all the remainder of the

lot, recognized Salmon & Ellis, the grantees of Serine, as the own-
ers of this land, and agreed with them, as such owners, to erect a
party wall on the west line of this part of the lot, and acted on
that agreement.    That Salmon & Ellis, while in possession, erected
valuable and lasting improvements on the land ; and that defend-
ant, by good mesne conveyances, for valuable consideration, is
the successor in interest of Serine, and Salmon & Ellis.    That
plaintiff knew of the possession of Salmon & Ellis, and of defend-
ant ; and that they claimed this land by title.    That in 1847, the
Alcalde of San Francisco caused a change to be made in the loca-
tion of the lots and streets, and the town to be " swung " further
to the east, throwing Lot 48 twenty-six and one-half feet further
east, excluding Bennett's house from the lot, and making the new
eastern boundary twenty-six and one-half feet east of the eastern
line of the land intended to have been conveyed, and (as defendant
contends) conveyed to Serine, leaving Serine's successors in the
possession, by the new location, of but three and one-half feet of
the thirty feet purchased and possessed by him.    That the estate
of Bennett subsequently sold, for valuable consideration, and con-
veyed the land which plaintiff contends was conveyed to Serine by
his deed, the eastern twenty-six and one-half feet of the new loca-
tion, and received for it the western twenty-six and one-half feet on
which his house stood.    That the Alcalde who assisted in settling
the lines by which Bennett was about to locate his house could not,
of his own motion, afterwards change those lines to the prejudice of
such location.

Defendant introduced as a witness O'Farrell, who testified that
he was employed in 1847 on a resurvey of San Francisco ; that
the old map was at right angles, but the location of the lots on the
ground was not at right angles ; that hence no two lots or streets
were parallel, some lots being more than fifty varas, others less ;
and that this discrepancy was caused by error in fencing, or laying
out the city, or in the instruments of survey ; that the line of fences
and houses along the streets was irregular ; that in making this
new survey, so as to have the lots and streets correspond with the
map, he made a pivot at the corner of Washington and Kearny
streets, and shifted the lots and streets north-east and south-west

about two and one-half degrees each way, or five degrees in all, which would make a change in this lot of fourteen feet to the east; and that this affected Bennett's lot, No. 48, a good deal, leaving out the improvements, etc.

In the course of the trial defendant offered to prove by witnesses that Bennett located and occupied Lot 48 according to the actual location of the lots and streets of the town on the ground; and that by said location the lot would now commence one hundred and sixty-four feet west of Kearny street according to the present survey. Objected to by plaintiff, because such evidence does not support the allegations in the answer that the actual plan of the town, used and recognized in February, 1847, was changed after the location of Bennett on the lot, as alleged in the answer. Objection sustained and the evidence ruled out, defendant excepting.

Defendant then, by consent, read the testimony given in a former suit of several witnesses, in substance, that the resurvey made by O'Farrell was opposed strongly by Bennett and others, and that the result of it was to change Lot 48 from twenty-six to thirty feet eastward. This testimony was considered as offered by defendant, and rejected by the Court.

Defendant then asked leave to amend his answer so as to aver that the location of the lot by Bennett was according to the actual plan and survey of the town upon the ground. Leave to amend denied, defendant excepting. This exclusion of testimony left defendant without a case; and the jury were instructed to find for plaintiff. Verdict and judgment accordingly for plaintiff.

Defendant moved for new trial on the ground of abuse of discretion in refusing leave to amend the answer; and in support of the motion read an affidavit by defendant's attorney, in substance, that he drew the answer without direction from his client who knew little about the matter, but from information derived from the witnesses; that said witnesses informed affiant that the original location of Lot 48 was according to the actual plan or survey of the ground, and that the change in the location of the lot as alleged in the answer was effected by a change in said plan or survey on the ground; and that affiant by his allegation in the answer " that on or about the twenty-ninth day of February, 1847, one Varde-

man Bennett became and was the owner of a lot or parcel of land then known and described upon the actual plan then used and recognized of the town of San Francisco or Yerba Buena, as fifty-vara lot No. 48, of which said lot of land described in the complaint is a part; that said Bennett on or about the day and year aforesaid, located according to the actual plan aforesaid, and went into possession of said fifty-vara lot," meant and intended to say and express the plan and survey of said town on the ground and not according to the map of the town as indicated on paper.

New trial granted; and from the order granting it plaintiff appeals.

*Holladay & Cary*, for Appellant.

*Saunders & Brent and A. Campbell*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The order is affirmed on the authority of *Peters* v. *Foss* (16 Cal. 357). We have repeatedly held that it is within the power of the Court below to grant amendments whenever, at any stage of the trial, they are necessary to the purposes of justice. This power should be liberally exercised to secure a fair and speedy trial on the merits, and we do not feel disposed to interfere with the action of the Court below in the exercise of this discretion.