[No. 9450.  Department Two. —August 2, 1886.]

## HENRY COUBROUGH, APPELLANT, v. JAMES ADAMS, RESPONDENT.

PLEADING — STIPULATION TO ABIDE PRIOR ACTION — EVIDENCE — PLEA IN BAR. — In an action on a promissory note, where the answer pleads a prior judgment in favor of the defendant in bar, a stipulation signed by the parties and filed in the case, wherein the plaintiff admits that the indebtedness in controversy was involved in the prior action, and agrees that the subsequent action shall be determined by the prior one, is admissible in support of the plea in bar without being specially pleaded.

ID. — AMENDMENT TO ANSWER — PENDENCY OF PRIOR ACTION — DISCRETION. — Permitting the defendant at the close of the trial to amend his answer by setting up the pendency of another action involving the same cause of action, held, not an abuse of discretion under the circumstances of the case.

ID. — PRIOR ACTION FOR ACCOUNTING — SUBSEQUENT ACTION ON CERTAIN ITEMS. — The pendency of an action for an accounting may be pleaded in abatement of a subsequent action between the same parties founded on one or more items involved in the prior action.

ID. — SUSTAINING PLEA — PROPER JUDGMENT — ABATEMENT. — Where a plea of the pendency of a former action is sustained, the proper judgment to be entered is one abating the subsequent action, and not a judgment that the plaintiff take nothing thereby.

APPEAL from an order of the Superior Court of Alameda County refusing a new trial.

The facts are stated in the opinion.

*W. S. Goodfellow*, for Appellant.

*William M. Pierson*, for Respondent.

BELCHER, C. C.—This is an action to recover the amount alleged to be due on a promissory note executed by the defendant's testator to the order of McFarlane, Blair & Co., and by them indorsed to the plaintiff.

The complaint is in the usual form, setting forth a copy of the note, and was filed in the District Court of the third judicial district for Alameda County on the twenty-eighth day of June, 1876.

The defendant answered to the complaint, setting up the circumstances under which the note was given, and alleging that it was indorsed to plaintiff after its maturity, and had been fully paid.

At the time this action was commenced, there was pending in the District Court of the nineteenth judicial district another action, which was commenced by James Oliver, administrator of the estate of Jonas Collycott, deceased, and John Shoenbar, as plaintiffs, against David B. Blair, McFarlane, Blair & Co., James Adams, the defendant's testator, and Henry Coubrough, the plaintiff herein, as defendants.

The last-named action was commenced to dissolve a partnership alleged to have existed between the plaintiffs, Collycott and Shoenbar, and the defendant Blair, and for an accounting, and to compel Blair to surrender to the plaintiffs certain shares of stock alleged to belong to the plaintiffs. In the complaint it was alleged that Cou-

brough was the agent and employee of Blair and Mc-Farlane, Blair & Co. Coubrough failed to answer to the complaint, and his default was entered. The defendant's testator answered, and among other things set up that he was induced by Blair to make the note in suit here as an accommodation, and that it had been fully paid. He also pleaded the commencement and pendency of this action.

Afterward, on the tenth day of December, 1878, the parties to this action entered into a stipulation as follows:—

"Inasmuch as the amount in controversy in this action is also involved in the suit in the Nineteenth District Court of San Francisco, in the action No. 2465, in which James Oliver (administrator of the estate of Jonas Collycott) and John Shoenbar are plaintiffs, and David B. Blair and others are defendants, in which said last-named suits an accounting is being had between said parties. It is therefore agreed that the matters in this action, and the claim of plaintiff therein, enter into and abide the event of said suit in the Nineteenth District Court. And it is further agreed that in the event of a judgment being given against Adams in said action in the Nineteenth District Court, he shall, upon satisfaction of the same, receive a clear receipt from said Coubrough against the judgment given in the Third District Court of Alameda in said suit,— *Coubrough* v. *Adams.* All proceedings in said action in the Third District Court shall be stayed until after final decision in the case in the Nineteenth District Court, provided said case in the Nineteenth District Court be settled within three months from date hereof."

On the twenty-third day of October, 1878, the case of *Oliver et al.* v. *Blair et al.* was referred to a referee to try the same, and all the issues therein, and to report a judgment. The case was tried before a referee, and he reported on the nineteenth day of March, 1879, findings

and a judgment, which was afterwards entered as the judgment in the case.

Upon the trial, the note now in suit was in issue, and it was found that it had been paid and extinguished. The defendants were Blair and McFarlane. Blair & Co. afterwards moved for a new trial, but before their motion was acted upon stipulated that the motion be denied, and then waived any appeal.

Subsequently the defendant filed a supplemental answer in this case, setting up the judgment in the case of *Oliver et al.* v. *Blair et al.* as a bar to the action. When the case came to trial, the plaintiff introduced his note in evidence, and rested. The defendant then, against the objections of plaintiff, was permitted to read in evidence the stipulation herein before recited, and also the judgment roll in *Oliver et al.* v. *Blair et al.*, and the reporter's notes of the evidence in that case, showing that the note here sued on, and the debt evidenced thereby, was involved in the accounting had before the referee. The plaintiff then in rebuttal introduced in evidence notices of appeal and undertakings on appeal by all of the defendants, with proof of service and filing; and the defendant, in surrebuttal, introduced and read in evidence the stipulation before referred to, that their motion for new trial be denied, and waiving an appeal.

After argument of the case, the defendant was permitted by the court to amend his supplemental answer by setting up that there was at the time of the commencement of this action another action pending, to wit, the said action in the Nineteenth District Court between the same parties and for the same cause.

Judgment was then entered in favor of the defendant.

The plaintiff moved for a new trial, and his motion being denied, appealed from the judgment and order.

The first point made by the appellant is, that the court erred in admitting in evidence the stipulation first referred to, for the reason that no foundation for

such evidence had been laid by supplemental answer or otherwise; and for the further reason that the stay of proceedings provided for in it was conditioned upon a final settlement of the case in the Nineteenth District Court within three months.

The stipulation was signed by the parties, and was filed in the case. By it the plaintiff admitted that the amount in controversy in this action was involved in the other action, and he "agreed that the matters in this action, and the claim of plaintiff therein, enter into and abide the event of said suit." The defendant had pleaded the judgment in the other action in bar of this, and he offered the stipulation in support of that plea. It was not necessary to plead the stipulation specially, and it seems to us that it was clearly admissible for the purposes for which it was introduced.

The claim that the stipulation was inadmissible because the stay of proceedings for which it provided was dependent upon the final settlement of the other case within three months cannot be maintained. It was not offered to obtain a stay of proceedings, as the case was then on trial, and so far as appears, without objection from either side.

The second point made is, that the court erred in permitting the defendant, at the end of the trial, to amend his answer by setting up the pendency of the other action at the time of the commencement of this action, and then ordering judgment.

The allowance of amendments to pleadings is a matter within the discretion of the trial court, and this court can only interfere with the exercise of that discretion when it appears to have been abused. It has been frequently held that it is within the power of the trial court to permit amendments whenever at any stage of the trial they are necessary to the purposes of justice. (*Lestrade* v. *Barth,* 17 Cal. 235.)

Here it had appeared that during the trial the defend-

ants in the other action had appealed from the judgment in it to the Supreme Court, notwithstanding they had stipulated not to appeal, and the plaintiff here was thereby seeking to avoid the effect of that judgment as a bar to his action.

Under the circumstances, we fail to see any abuse of its discretion in the action of the court below.

But it is claimed that the amendment was insufficient, because the defense of a prior *lis pendens* applies only when the plaintiff in both suits is the same person, and both are commenced by himself, and not to cases where there are cross-suits by a plaintiff in one suit who is defendant in the other; and *Ayres* v. *Bensley*, 32 Cal. 630, is cited to sustain the claim.

Undoubtedly, the rule stated is the general rule, but it ought not to apply to an action for an accounting between the same parties, where one or more items of the accounting are afterwards made the subject of a separate suit. In such an action, all the parties are actors.

It is claimed further that the same matters were not in issue between the plaintiff and defendant in the other action. The answer is, that it is shown by the stipulation of the parties and by the record in that action that they were. Besides, it was alleged in the complaint in that action, and admitted by his default, that the plaintiff here was the mere agent and employee of the other defendants. And as their appeal was dismissed (5 West Coast Rep. 528), and the judgment as to him was affirmed, both in Department and Bank (6 West Coast Rep. 374 and 8 West Coast Rep. 214), he has nothing to complain of.

The last point made is, that the judgment should have been that the action abate, and not in favor of the defendant on its merits.

The judgment was, that the plaintiff take nothing by his action, and that the defendant recover his costs.

In our opinion, the proper judgment was not entered.

It should have been a judgment abating the action. The judgment should therefore be reversed, and the cause remanded, with directions to the court below to modify the judgment as above indicated.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order denying a new trial is affirmed. The judgment is reversed and cause remanded, with directions to the court below to modify the judgment as indicated in said opinion.

Hearing in Bank denied.