[Civ. No. 10874. Second Appellate District, Division Two.—June 12, 1936.]

LLOYD E. WOODS et al., Respondents, v. GEORGE J. COOK et al., Appellants.

Benjamin P. Riskin for Appellants.

John R. Barta and Henry Cohen for Respondents.

WOOD, J.—A judgment in the sum of $1138 was recovered by plaintiffs against G. H. Grace and George J. Cook and Connie Cook, copartners, doing business under the fictitious name and style of Cook's Auto Supply Co. From the judgment an appeal is prosecuted by the defendants Cook. Plaintiff Mrs. Woods was driving an automobile on August 12, 1933, at the intersection of Slauson Avenue and San Pedro Street in the city of Los Angeles, at which time an auto truck owned by defendants Cook and operated by defendant Grace collided with the automobile of plaintiffs. The judgment was for damages sustained by plaintiffs which were caused by the negligent operation of the auto truck. The action was tried before the court without a jury.

Appellants contend that Mrs. Woods was guilty of contributory negligence as a matter of law and consequently the judgment cannot be sustained; also that the evidence was insufficient to support the finding that defendant Grace was driving the truck with permission express or implied of defendants Cook. An examination of the record discloses sufficient evidence to sustain the findings of the court on these issues and the findings are therefore controlling upon this court. A detailed statement of the evidence at this

time would be inappropriate. (*Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

The trial was conducted in June, 1935. Upon the termination of the presentation of plaintiffs' evidence the court granted a motion to amend the complaint and appellants now contend that this ruling permitted plaintiffs to introduce an entirely new cause of action which had been barred by the statute of limitations. In the original complaint plaintiffs alleged that plaintiff Mrs. Woods was operating an automobile at the intersection in question ''when the defendant Grace, an employee of the defendants George J. Cook and Connie Cook, was driving and operating an auto-truck, the property of the said defendants, George J. Cook and Connie Cook, so carelessly and negligently, etc.'' By the ruling of the court plaintiffs were allowed to amend by inserting after the words ''was driving'' the following: ''with the express or implied permission of said defendants''. It will be noted that in the original complaint it was charged defendant Grace was an employee of the other defendants and that he was driving a truck which was their property. It was not alleged that he was driving in the course of his employment. Neither was it alleged in the original complaint that he was driving with their permission. Under the circumstances shown it was proper for the court at the close of plaintiffs' case to permit them to amend by alleging the capacity in which Grace was driving the truck. By permitting the amendment the court did not prejudice the rights of defendants. It was shown by the evidence that Grace had purchased merchandise from defendants Cook. Proof that Grace was delivering the merchandise in the course of his employment would have sustained a judgment upon the theory of principal and agent and no additional evidence would have been necessary to sustain a judgment based on the statutory liability provided by section 1714¼ of the Civil Code as it was in force at the time of the collision. It was held in *Frost* v. *Witter,* 132 Cal. 421 [64 Pac. 705, 706, 84 Am. St. Rep. 53], that an action is the right or power to enforce an obligation; that the obligation constitutes the cause of action. The obligation in the present case was to compensate for the damages sustained by reason of the negligent operation of the car by defendant Grace which was chargeable to defendants Cook. When the evidence disclosed the true relation of defendant

Grace to defendants Cook the court properly permitted the amendment of the complaint to set forth the facts developed by the evidence. As was stated in *Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305], the amendment provided "merely the addition of matters essential to make the original cause of action complete." The amendment took effect as if it had been originally incorporated in the pleading. (*Rauer's Law etc. Co.* v. *Leffingwell,* 11 Cal. App. 494 [105 Pac. 427].)

A comprehensive discussion of the right of a plaintiff to amend his complaint is found in *Frost* v. *Witter, supra,* in which plaintiff sued upon a promissory note and after the lapse of the statutory period he was allowed to amend by alleging the execution of a mortgage. In sustaining the action of the trial court permitting the amendment the Supreme Court said: "The question will be regarded, therefore, as relating generally to the limit or extent to which the complaint may be amended under sections 472 and 473 of the Code of Civil Procedure. On this point I find no general rule laid down by the decisions in this state. All that is said is, that great liberality should be used by the courts in allowing amendments (*Burns* v. *Scooffy,* 98 Cal. 271, 276 [33 Pac. 86], and cases cited) ; and that the allowance of amendments is a matter within the discretion of the courts. (*Coubrough* v. *Adams,* 70 Cal. 374, 378 [11 Pac. 634] ; *Lestrade* v. *Barth,* 17 Cal. 285, 288.) And in practice the courts have been extremely liberal,—as e. g., in *Heilbron* v. *Heinlen,* 72 Cal. 376 [14 Pac. 24], where the complaint was amended so as to describe a different tract of land from that described in the original complaint; or in *Walsh* v. *McKeen,* 75 Cal. 519 [17 Pac. 673], where the case was changed from an action at law to a case in equity; or in *Cox* v. *McLaughlin,* 76 Cal. 60 [18 Pac. 100, 9 Am. St. Rep. 164], where the change allowed was from an action on a special contract to an action on a *quantum meruit;* or as in *Castagnino* v. *Balletta,* 82 Cal. 250, 256 [23 Pac. 127], where the change was from an action on a mechanic's lien to an action on the special contract, or in *assumpsit;* . . . And it is obvious that the unqualified way in which the rule is sometimes stated . . . i. e., that a new or different cause of action cannot be introduced by amendment—cannot be accepted. For the most common kinds of amendments are those in which complaints

are amended that do not state facts sufficient to constitute a cause of action; and in these, and often in the case of new parties, a new cause of action is in fact for the first time introduced. All that can be required, therefore (to use the language of Mr. Pomeroy), is that 'a wholly different cause of action' shall not be introduced; or, as said by the court in *Shields* v. *Barrow, supra,* (17 How. 130 [15 L. Ed. 158]); that 'a complainant [is not] at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment; or 'to strike out the entire substance and prayer of his bill, and insert a new case by way of amendment'; or, as expressed by this court in an early case, the matter of amendment must not be 'entirely foreign to the original complaint'. (*Nevada County etc. Canal Co.* v. *Kidd,* 28 Cal. 673, 681.) On the other hand, under statutory provisions similar to ours, the rule has been entirely repudiated by the court of appeals of New York, and it is there held to be immaterial whether the cause of action set out in the amended complaint is new or otherwise.'' Although the court was discussing amendments under section 473 of the Code of Civil Procedure, no reason appears why the same principles should not be applied to the situation presented by the circumstances of the case before us. (*Born* v. *Castle,* 22 Cal. App. 282 [134 Pac. 357]; *McClure* v. *Alberti,* 190 Cal. 348 [212 Pac. 204]; *Ennis Brown Co.* v. *W. S. Hurst & Co.,* 1 Cal. App. 752 [82 Pac. 1056].)

The allowance of amendments to conform to the proof rests in the discretion of the trial court and the utmost liberality is allowed in upholding orders made by the trial court permitting amendments for this purpose. (21 Cal. Jur., p. 209, and cases there cited.) In section 475 of the Code of Civil Procedure it is provided that no judgment shall be reversed by reason of any error unless the party appealing suffers substantial injury. The appellants herein have suffered no injury and have not been misled by the ruling of the court. A reversal of the judgment would result in a miscarriage of justice.

The judgment is affirmed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1936.