[Civ. No. 5968.   Third Appellate District.—November 15, 1938.]

JANE McKNIGHT et al., Appellants, v. DON GILZEAN et al., Respondents.

Edwin J. Regan, L. C. Smith and Alfred E. Frazier for Appellants.

Carter, Barrett, Finley & Carlton for Respondents.

STEEL, J., *pro tem.*—This is an appeal by the plaintiffs from a judgment entered pursuant to orders sustaining a demurrer to the amended complaint and granting motions to strike.   The action is one for damages for alleged personal injuries.   The original complaint, filed in March, 1936, sets forth two causes of action, one based upon the alleged damages suffered by plaintiff wife, and the other based upon the alleged consequential damages suffered by plaintiff husband.

Paragraphs IV, V and VI of the first cause of action (which paragraphs are incorporated by reference into the second cause of action), allege as follows:

## "IV.

"That during all of the times and dates herein mentioned, the defendants, Don Gilzean, and/or C. B. Warner, and/or Warner Finance Company, were the owners of, and in the possession of a certain automobile driven and operated by the defendant, Don Gilzean.

## "V.

"That during all of the times and dates herein mentioned, the defendant, Don Gilzean, was in the employ of the defendants, C. B. Warner and Warner Finance Company, and acting within the scope of his employment.

## "VI.

"That on the twenty-first day of December, 1935, . . . and at said time and place, the defendant, Don Gilzean, was driving and operating an automobile for and on behalf of defendants, C. B. Warner and Warner Finance Company" . . .

The cause came on for trial on May 26th, 1937, at which time plaintiffs asked leave to file an amended complaint, which motion was granted with leave to the defendants to demur.

The original complaint, as heretofore mentioned, contained two causes of action; the proposed amended complaint contains four causes of action; and the changes or amendments complained of are found in the second and fourth causes of action, and consist of the following additions of fact: (1) That the defendant, Gilzean, was operating a vehicle owned by the defendants, C. B. Warner, and the Warner Finance Company; (2) That the said operation was with the consent of the defendants Warner and the Warner Finance Company.

The defendants demurred and moved to strike the proposed amendments upon the ground that new and different causes of action from those set forth in the original complaint had been stated and that they were barred by the statute of limitations. The accident having occurred in December, 1935, and the proposed amendments being offered in May of 1937. The trial court sustained the demurrer and granted the motion to strike as to the alleged second and fourth causes of action set forth in the amended complaint. Hence this appeal.

The sole issue presented involves a consideration of whether or not a cause of action for imputed negligence under section 402 of the Vehicle Code (relating to statutory liability of an owner permitting another to drive his vehicle),

which is the substance and effect of the two amended causes of action, is a new and different cause of action from that pleaded in the original complaint.

Unquestionably, the two causes of action in the original complaint mentioned, were framed upon the theory of liability under the common-law doctrine of *respondeat superior*.

It is the contention of appellants herein that the same cause of action has been pleaded throughout, and that the amendment, at most, merely perfected the cause of action already stated in the original complaint. With this contention we cannot agree. The test uniformly laid down is whether the proof of additional facts, depended upon different grounds for holding the defendant liable for the wrong alleged, will be required. An analysis of the material allegations contained in the original complaint and hereinbefore set forth, discloses that it is not alleged therein that the defendant Gilzean was driving the automobile with the consent of the defendants. Likewise, we find no definite statement that the defendants Warner and the Warner Finance Company were the owners of the automobile, it being merely alleged that the defendant Gilzean, and/or Warner, and/or the Warner Finance Company, was the owner of the automobile, which allegation is entirely consistent with the theory of ownership in the defendant Gilzean, and its operation by him in the course of his employment as alleged. One of the factors necessary to state a cause of action under section 402 of the Vehicle Code is consent by the owner to the driver's operation of the vehicle. (Vol. 2, Cal. Jur. Ten-year Supp. 485.)

The courts of this jurisdiction have held that section 402, *supra,* establishes a new statutory action. In *Weber* v. *Pinyan,* 9 Cal. (2d) 226 [70 Pac. (2d) 183, 112 A. L. R. 407], the court, in referring to said section, stated: "Since the imputed negligence statute created a new right of action, giving a remedy against a party who would not otherwise be liable, it must be strictly construed." (Citing, also, *Swing* v. *Ling,* 129 Cal. App. 518 [19 Pac. (2d) 56].)

The case of *Page* v. *Koss Const. Co.,* (1934) 219 Iowa, 1017 [257 N. W. 426], is parallel in many respects to the instant case. The action was for personal injuries alleged to have been received in a collision with a truck operated by one Kruckenberg, an employee of the defendant. Plaintiff recovered judgment, and upon appeal, a reversal was had, the court

holding that the employee was an independent contractor. Plaintiff thereafter, over objection, was permitted to amend his complaint in conformity with an Iowa code section similar to section 402, *supra,* alleging that the employee was driving the truck owned by the defendant with its consent. Plaintiff again recovered judgment, and upon appeal, the judgment was again reversed, the court holding that a new and different cause of action had been added after the running of the statute of limitations. The court stated: "It thus appears from the cases cited that section 5026 of the Code *created a new statutory liability which did not* exist under the common law." (Emphasis added.) "In his original petition appellee alleged the existence of a duty on the part of appellants to protect the appellee from the negligence of Kruckenberg arising out of the common law rule of *respondeat superior* that every man who prefers to manage his affairs through his employees is bound to so manage them that third persons are not injured by any breach of legal duty on the part of such employees, while so engaged upon his business and in the scope of their authority. In his amendment, appellee alleged the existence of a duty upon the part of appellants to protect the appellee from the negligence of Kruckenberg arising out of the statutory duty imposed by section 5026, Iowa code of 1927, that every man who chooses to permit another to drive his car is in duty bound to so control and so direct his choice of who shall drive his car as to protect third persons from injury caused by negligence of the driver. In the original petition appellee pleaded a duty arising out of the relationship of employee and employer, and founded upon a rule of the common law. In the amendment, appellee pleaded a duty arising out of the relation between the owner of a car and a person driving the same with the owner's consent, and founded upon a statutory enactment. Clearly, we think the amendment, which the appellee filed after the period had expired under the statute of limitations, pleaded a new cause of action, and being filed after the period had run, was barred. The motion of the appellants to direct a verdict should have been sustained and the lower court erred in failing to do so."

The appellants have cited numerous cases in support of their contention, but we do not find them in point with the issues presented. The case of *Woods* v. *Cook,* 14 Cal. App.

(2d) 560 [58 Pac. (2d) 965], which is relied upon as controlling authority for reversal of the judgment herein, and argued at length in the briefs, is not determinative of the question before the court. In the Woods case, *supra,* the plaintiff alleged that the employer, Cook, owned the vehicle, but did not allege consent to drive, nor was it alleged that the employee was acting in the course of his employment at the time of the accident. The complaint contained but one cause of action, imperfectly stated, and the amendment merely added matters necessary to make the original cause of action complete in itself. This rule permitting such an amendment is distinctly different from a situation where new causes of action are attempted to be included. At page 562 of the Woods case, *supra,* the court stated: ''It will be noted that in the original complaint it was charged defendant, Grace, was an employee of the other defendants, and that he was driving a truck which was their property. It was not alleged that he was driving in the course of his employment. Neither was it alleged in the original complaint that he was driving with their permission. Under the circumstances shown it was proper for the court, at the close of plaintiffs' case, to permit them to amend by alleging the capacity in which Grace was driving the truck.''

In the instant case the two original causes of action based on the doctrine of *respondeat superior,* are retained, and in addition thereto, by way of amendment, two causes of action based upon the statutory liability established by section 402 of the Vehicle Code, and foreign to the basis upon which the original cause of action was founded, are included. We are of the view, therefore, that the trial court was correct in its ruling sustaining the demurrer and granting the motion to strike.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 15, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939.