[Civ. No. 4402.   Fourth Dist.   Dec. 5, 1951.]

PERCY BURNETT et al., Appellants, v. EDWARD DAR-
WIN BOUCHER et al., Defendants; EARL BOUCHER,
Respondent.

[Civ. No. 4403.   Fourth Dist.   Dec. 5, 1951.]

WALTER E. SNELL et al., Appellants, v. EDWARD DAR-
WIN BOUCHER et al., Defendants; EARL BOUCHER,
Respondent.

Taylor F. Peterson and Thomas C. Parry for Appellants.

Swing & Gillespie for Respondent.

BARNARD, P. J.—These actions for damages were con-
solidated for trial and on this appeal.  The complaint in each
action alleged that on June 19, 1949, "the defendants" owned
and operated a certain automobile; and that "at said time

and place the defendants then and there so negligently and carelessly had, owned, operated, managed, possessed, propelled and controlled their said automobile that the same collided violently with the automobile in which the plaintiffs were riding,'' causing the injuries complained of.

The defendant Earl Boucher admitted in his answers that he owned the vehicle in question and that it was then being driven by the defendant Edward Darwin Boucher, but denied the allegations charging him with negligence. Edward Darwin Boucher, who is the son of Earl Boucher, was not served and the actions came to trial on November 20, 1950, as against Earl Boucher alone. In their opening statement the plaintiffs conceded that the automobile was owned by the father and was being driven by the son; expressly disclaimed any intention of proving that the son was acting as an agent or employee of his father; and stated that they expected to prove that the son was driving the car with the father's permission.

The defendant Earl Boucher moved for a nonsuit based on the contention that the only cause of action alleged in the complaints had been abandoned, and that evidence on a different theory, statutory liability for imputed negligence, was inadmissible. The plaintiffs argued that their complaints were broad enough to cover the matter ''statutory or otherwise,'' but asked permission to amend the complaints on their face by alleging that the son was driving with the permission, express or implied, of the father. They relied mainly on the case of *Woods* v. *Cook*, 14 Cal.App.2d 560 [58 P.2d 965], while the defendant Earl Boucher relied on the case of *McKnight* v. *Gilzean*, 29 Cal.App.2d 218 [84 P.2d 213]. The court denied permission to amend on the ground that the cause of action stated in the complaints could not be changed into one of statutory liability under section 402 of the Vehicle Code, since more than a year had elapsed after the accident occurred. The motion for nonsuit was granted as to each action, and judgments of dismissal were entered in favor of the defendant Earl Boucher. From these judgments the respective plaintiffs have appealed.

The appellants first contend that ''the complaints were sufficient to tender issues of agency and permissive use.'' The only argument under this point is that the complaints alleged that the defendants owned and operated the automobile at the time in question, and that as a result of their negligence the plaintiffs were injured; that the complaints tendered the issue

of whether the son was the agent of his father; and that an inference of agency arises from the operation of the vehicle with the consent of the owner. It was, and is, conceded that the complaints were sufficient to raise the issue of agency. However, it was not alleged that the driver of this vehicle was operating it with the consent of the owner. No argument is presented in support of the contention that the complaints were sufficient to show permissive use under the statutory theory of imputed negligence. (Veh. Code, § 402.)

While not directly presented by appellants, the controlling question is as to whether or not the proposed amendment, setting up the matter of permissive use, would have constituted a change in the cause of action as originally pleaded. In *Woods* v. *Cook*, 14 Cal.App.2d 560 [58 P.2d 965] the complaint alleged that one defendant was employed by the other defendants and was driving a truck owned by them. It was not alleged that he was driving in the course of his employment, which would be necessary under the theory of *respondeat superior*, nor that he was driving with their permission, which would be necessary under the theory of imputed liability. The plaintiffs were allowed to amend by adding an allegation that he was driving with the express or implied permission of the other defendants. It was held that the original complaint was incomplete, under either the common law theory or the statutory theory; that the amendment merely completed a cause of action which had been incompletely stated; and that the complaint could be amended by alleging in what capacity it was claimed that the operator was driving the truck. In *McKnight* v. *Gilzean*, 29 Cal.App.2d 218 [84 P.2d 313], it was alleged that Gilzean was driving an auto for and on behalf of the other defendants, that he was in their employ, and that he was acting in the scope of his employment. It was sought to amend by adding a cause of action based on allegations that he was operating a vehicle owned by the other defendants, with their permission. The sole question there presented was whether this proposed cause of action, for imputed negligence under Vehicle Code, section 402, was "a new and different cause of action from that pleaded in the original complaint." The court pointed out that the cause of action in the original complaint was clearly one based on the common law doctrine of *respondeat superior*. It distinguished the case of *Woods* v. *Cook*, *supra*, on the ground that the amendment there considered merely completed a cause of action which had been imperfectly stated. It was held, in the McKnight case, that

a cause of action on the theory of *respondeat superior* had been fully stated, and that the cause of action upon the statutory liability for imputed negligence, proposed by the amendment, was a new and different cause of action. The test there applied was whether proof of additional facts which depended upon a different ground for holding the defendant liable, for the wrong alleged, would be required. The basis for the decision was that the amendment did not merely complete a cause of action which had been imperfectly stated, but added a different ground for holding the defendants liable, requiring proof of an entirely new element.

The same situation here appears. The complaints set forth a complete cause of action as against this respondent which, if proved, would have made him liable for the negligence of his agent, under the rule of *respondeat superior*. No element of permissive use was alleged and the amendment, if permitted, would have set forth a new and different cause of action, calling for proof of facts based upon a different ground of liability, the imputed negligence created by the statutory provision.

The only other point raised is that the opening statement, which must be taken as true, was sufficient to require a trial upon the merits. The only argument made is that the complaints were obviously sufficient to permit proof of liability under the doctrine of *respondeat superior*; that the opening statement sufficiently informed the court that the appellants were relying on that doctrine; that an inference of agency could be drawn from proof of permissive use; and that the agency theory was not abandoned during the opening statement and the argument which followed. This contention is without merit. The record shows beyond any possible question that counsel for the appellants expressly and completely abandoned any theory of agency; that they intended this to be, and it was, so understood by the court and counsel; and that this fact, accepted by all parties, was the basis for the rulings and orders made.

The judgments are affirmed.

Griffin, J., and Mussell J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 31, 1952. Carter, J., voted for a hearing.