[Civ. No. 6799. Fourth Dist. Jan. 2, 1963.]

ALTA E. WOOD, Plaintiff and Respondent, v. JAMES DeLUCA, Defendant and Appellant.

McCormick, Barstow, Sheppard & Coyle and Chinello & Chinello for Defendant and Appellant.

Lyle H. Shattuck and Stutsman, Nagel & Ferrari for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendant from a judgment for damages in favor of plaintiff on account of the motor vehicle accidental death of plaintiff's husband.

### FACTS
The essential facts follow: On April 6, 1958, plaintiff's deceased, Leroy Wood, was employed at the Flat Top Truck and Car Terminal and service station near Fresno. Between 9 and 10 p. m., Elwood Humphries drove an Autocar truck and trailer into the station. Wood walked into the yard of the station to direct the driver of the Autocar regarding placement of the truck over a pit for lubrication service.

About this time defendant drove into the yard in his Ford pickup and stopped less than 10 feet behind the Autocar trailer to speak to Wood. Defendant rolled his right hand window down, spoke to Wood, Wood leaned into the window and replied and the trailer backed into Wood and killed him. The Autocar truck was also owned by defendant, and the jury found on sufficient evidence that Humphries was driving it as the agent of defendant and that the accident was proximately caused by Humphries. Dispute centers around the question of the agency allegation.

PLEADING

 Plaintiff's original complaint filed April 2, 1959, alleged, *inter alia*:

"III. That on April 6, 1958, at or about 9:45 o'clock p.m., Defendant Elwood Humphries was operating an auto-car truck consisting of a three-axle tractor and two-axle utility van owned by defendants and James DeLuca was operating a Ford half-ton pick-up truck owned by defendants, upon private property commonly known as the 'Flat Top Truck and Car Terminal,' situate at the intersection of Princeton Street and Marks Street at 2919 North Highway 99 and Princeton; that defendants so carelessly and negligently operated their respective vehicles as to cause them to collide with each other and to strike LeRoy N. Wood, who was at said time, standing at or near the pick-up truck operated by Defendant James DeLuca, thereby causing him to be and he was injured both internally and externally, from which injuries he died instantly.

"IV. That said accident and injuries and the resulting death are a direct and proximate result of the negligence of Defendants and each of them."

On June 30, 1960, plaintiff moved for permission to file an amended complaint. This motion was withdrawn without prejudice. On July 18, 1960, plaintiff filed a new motion for permission to file an amended complaint through which plaintiff sought to enlarge said paragraph III in order to more specifically allege that the Autocar truck was being operated by Humphries with the knowledge and authority of defendant and in the course and scope of agency of defendant. This motion, to the extent of perfecting the allegation of agency, was granted, but was denied as to a concurrent request to allege permissive use. On August 16, 1960, plaintiff's amended complaint was filed setting forth, *inter alia,* with greater par-

ticularity that defendant was the owner of both the Autocar and the Ford pickup and

"IV. That at all times herein mentioned the defendant, Elwood Humphries, was the agent, servant, representative and employee of the defendant, James DeLuca, and was then and there acting within the course and scope of said agency, employment and representation."

The cause was tried before a jury January 12 to 16, 1961, with a resultant verdict and judgment for plaintiff in the amount of $13,783.48. The action against Humphries, who had been named a defendant in the original complaint but could never be found or served, was dismissed.

## CAUSE OF ACTION

Defendant contends that the amended complaint alleges an entirely new cause of action at a time when such new cause of action is barred by the statute of limitations and that therefore the trial court committed vitally prejudicial error. He contends that the original complaint does not, even defectively, charge defendant with responsibility for the operation of the Autocar truck. With this we are unable to agree.

█ Courts are constituted to accomplish justice to the best of their ability, within the framework of the law. The law itself has the purpose of aiding the orderly administration of justice. In trying to follow this guiding star of policy, liberality in allowing amendments to pleadings has been uniform. It was said in *Jamison* v. *Hyde,* 141 Cal. 109, 113 [74 P. 695],

". . . The court should always be liberal in allowing amendments which may remove a possible ambiguity in a pleading, . . ."

█ In *Frost* v. *Witter,* 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53], it was succinctly pointed out that the "cause of action" arises on the enforcement of the "obligation" and is not the "remedy" pursued. In *Klopstock* v. *Superior Court,* 17 Cal.2d 13, 20 [7] [108 P.2d 906, 135 A.L.R. 318], the rule is well elucidated. █ It is there said:

"Of course, the court's power to permit amendments of pleadings is not unlimited. It has generally been said that an amendment may not be permitted where the effect of such amendment is to state 'another and distinct cause of action.' [Citations.] But this court has said, 'it is obvious that the unqualified way in which the rule is sometimes stated—i.e., that a new or different cause of action cannot be introduced

by amendment—cannot be accepted. For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action; and in these, and often in the case of new parties, a new cause of action is in fact for the first time introduced. All that can be required, therefore (to use the language of Mr. Pomeroy), is that "a wholly different cause of action" shall not be introduced . . .' [Citations.] In determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated. As the court says in the *Frost* case (*supra,* p. 426), for the purpose of determining whether amendment is possible, the 'cause of action' referred to as furnishing the test means only the legal obligation which it is sought to enforce against the defendant. *Other courts have used almost identical language; the test is not whether under technical rules of pleading a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant. The power to permit amendment is denied only if a change is made in the liability sought to be enforced against the defendant.*" (Italics ours.)

▬▬ Under this rule, expanding thought has applied liberal treatment to many types of situations. A few examples will suffice. (*Kirman* v. *Borzage,* 75 Cal.App.2d 865, 870 [2a] [172 P.2d 90],—addition of capacity as administratrix; *Barr* v. *Carroll,* 128 Cal.App.2d 23 [274 P.2d 717]—change from guest to involuntary passenger; *Smith* v. *Los Angeles Bookbinders Union,* 133 Cal.App.2d 486, 496-497 [16-20] [284 P.2d 194]—bringing in special damage, libel action; *Pruitt* v. *Fontana,* 143 Cal.App.2d 675 [300 P.2d 371]—breach of contract stated on different theories; *Thomas* v. *Bruza,* 151 Cal.App.2d 150 [311 P.2d 128]—amendment of insufficient allegation of negligence regarding patron of bar; *Sweet* v. *Markwart,* 158 Cal.App.2d 700 [323 P.2d 192]—same contract under different dates; *Vick* v. *Grasser,* 169 Cal.App.2d 692 [338 P.2d 223] —error in description of land conveyed, fraud to mistake theory; *Saari* v. *Superior Court,* 178 Cal.App.2d 175 [2 Cal. Rptr. 856]—personal injuries from auto accident, negligence to willful misconduct; *Austin* v. *Massachusetts Bonding &*

*Insurance Co.,* 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681]
—substituting party named by fictitious name; *J. C. Peacock, Inc.* v. *Hasko,* 196 Cal.App.2d 363 [16 Cal.Rptr. 525]—corporation merger, new party.)

Defendant cites *McKnight* v. *Gilzean,* 29 Cal.App.2d 218 [84 P.2d 213]; *Burnett* v. *Boucher,* 108 Cal.App.2d 37 [238 P.2d 1] and *Youngblood* v. *City of Los Angeles,* 160 Cal.App. 2d 481 [325 P.2d 587] in support of his contention that plaintiff's amended complaint introduced an entirely new cause of action and therefore should not have been permitted. A careful analysis of these cases convinces us that the contrary conclusion reached by the trial court is correct. The *McKnight* and *Burnett* cases both discuss and adhere to the reasoning in *Woods* v. *Cook,* 14 Cal.App.2d 560 [58 P.2d 965], wherein plaintiff had charged that defendant Grace, an employee of defendant Cook, was operating the auto of Cook negligently. Thus, the complaint was deficient in the allegation of agency and also deficient on the statutory obligation arising from permissive use. The court reiterated that the "obligation" is the "cause of action" and said, at pages 562 and 563, "The obligation in the present case was to compensate for the damages sustained by reason of the negligent operation of the car by defendant Grace which was chargeable to defendants Cook. When the evidence disclosed the true relation of defendant Grace to defendants Cook the court properly permitted the amendment of the complaint to set forth the facts developed by the evidence."

In the *McKnight* v. *Gilzean* case, *supra,* the complaint was originally based on *respondeat superior* clearly and unequivocally stated with no hint of any intention to set up the *statutory obligation* which is a different type of obligation resultant solely from statute. The court simply ruled that the attempt to amend to reach the statutory obligation after the statute of limitations had run was an attempt to introduce an entirely new obligation and was improper.

In *Youngblood* v. *City of Los Angeles, supra,* the evidence showed the cause of damage to have resulted from a revetment constructed by Los Angeles County Flood Contral District and warranted liability in inverse condemnation. On the face of the original complaint the pleader appeared to be endeavoring to state a tort action. In reversing a judgment of nonsuit as to the district and ordering that an amendment to conform to proof be permitted, the court quoted the text italicized above from *Klopstock* v. *Superior Court.*

In *Burnett* v. *Boucher, supra,* the complaint, in essence, alleged that "the defendants" owned and operated a certain automobile and that "defendants" so negligently operated their said automobile as to cause the collision and injuries. Amendment to set up causes of action on permissive use was disapproved because the causes actually set up charged a cause under *respondeat superior* and the permissive use was not simply a change of theory but actually a new statutory liability. The wording of the complaint is so similar to that in the case at bar that the statement of the court respecting its sufficiency to allege agency is worthy of note. It said at page 39, "It was, and is, conceded that the complaints were sufficient to raise the issue of agency."

And at page 40, ". . . The complaints set forth a complete cause of action as against this respondent which, if proved, would have made him liable for the negligence of his agent, under the rule of *respondeat superior.*"

The charge contained in plaintiff's original complaint herein, even though it be regarded as insufficient as against a a special demurrer, clearly charged an "obligation" based on the negligence of defendants. The very worst that can be said of the original complaint is that it is ambiguous.

In *Brooks* v. *E. J. Willig Truck Transp. Co.,* 40 Cal.2d 669, 680 [13-14] [255 P.2d 802], it is said, "Negligence may be alleged in general terms, which means that it is sufficient to allege that an act was negligently done without stating the particular omission which rendered it negligent. [Citations.] Plaintiffs were entitled to prove any act which constituted negligence in the operation and control of the truck."

Under the rule announced over and over again, there is no new "obligation" claimed and therefore no new cause of action. The same thought is stated in *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 638 [3] [134 P.2d 242], "The cause of action is simply the obligation sought to be enforced. [Citations.] The negligence of defendant alleged in the prior action and that alleged against it in this action represent but different invasions of plaintiff's primary right and different breaches of the same duty that it owed to him. There was one injury and one cause of action. A single tort can be the foundation for but one claim for damages. [Citations.]"

It is perfectly true that an entirely different cause of action should not be permitted, especially after the statute of limitations on such new cause has run. We think what is

meant by that is sufficiently clarified by the authorities above quoted. *Baker* v. *Littman,* 138 Cal.App.2d 510 [292 P.2d 595], involved a change from the tort of malicious prosecution to breach of contract; *Lewis* v. *South S.F. Yellow Cab Co.,* 93 Cal.App.2d 849 [210 P.2d 62], a variation in proof from a charge of molestation by the cab driver to evidence of failure to protect from a fellow passenger with no motion to amend the complaint; *Cyr* v. *White,* 83 Cal.App.2d 22, 31 [187 P.2d 834], a change from contract to fraud. These and other authorities cited by defendant reveal nothing contrary to the views herein expressed.

### EXERCISE OF DISCRETION

▮ Next, defendant contends that the trial court abused its discretion in permitting an amendment because Elwood Humphries had by that time disappeared and could not be called as a witness that it was manifestly unjust to permit the amendment after the agent disappeared. We cannot agree.

The particular facts shown by the record here indicate that plaintiff made diligent efforts from the time the complaint was filed to locate and serve Humphries but was unsuccessful. Actual knowledge of the ownership of the trucks involved and Humphries' connection therewith was in the possession of defendant from the very time of the accident. If any person was aware, from the start, of whatever importance might be attached to the testimony of Humphries, it was defendant. His knowledge in that regard was always superior to that of plaintiff, for he and he alone, as between plaintiff and defendant, knew all the details of Humphries' actions on the night involved. The original complaint charged "defendants" with ownership and that "defendants' " negligence damaged plaintiff. The more explicit charge that defendants' negligence occurred through Humphries could hardly have surprised defendant, viewing his testimony as a whole. The loss of Humphries as a witness not only does not appear to be properly chargeable to plaintiff but also the damage, if any, would appear to be greater to plaintiff than to defendant.

The trial court did exercise the discretion vested in it. We find nothing arbitrarily or improper in its action.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.