[Civ. No. 30138. Second Dist., Div. Three. Jan. 25, 1966.]

MARCOS BARBA et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ARROW CHEVROLET, INC., et al., Real Parties in Interest.

Bennet Olan for Petitioners.

No appearance for Respondent.

Smith & Wilson and Andrew V. Smith for Real Parties in Interest.

FRAMPTON, J. pro tem.*—Mandate to compel the respondent court to set aside its judgment dismissing petitioners' complaint and to grant permission to amend the complaint and pretrial order.

Petitioners are plaintiffs in an action numbered 806878 filed on October 26, 1962, in the respondent court entitled "MARCOS BARBA and BONIFACIO ROMERO Plaintiffs vs ARROW CHEVROLET Co. and CARYL N. LEHMAN Defendants."

Although the defendant Arrow Chevrolet, Inc., a corporation, was not properly named in the complaint, it filed its answer under its true name and will, therefore, be referred to herein under its true corporate name.

The action is for damages for personal injuries alleged to have been sustained as the result of an automobile accident which occurred on October 29, 1961, on a public highway in the County of Los Angeles. It appears from the pleadings that at the time of the accident, plaintiff Marcos Barba was

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

operating a 1958 Chevrolet automobile in which plaintiff Bonifacio Romero was riding as a passenger, and that the Barba vehicle came in contact with the automobile owned by the defendant Arrow Chevrolet, Inc., which was then being operated by the defendant Caryl N. Lehman.

The first cause of action relates to injuries claimed to have been sustained by the plaintiff Marcos Barba. The second cause of action relates to injuries claimed to have been sustained by plaintiff Bonifacio Romero. It is alleged in paragraph II of the first cause of action that "At all times herein mentioned, defendant Caryl N. Lehman was the driver of that certain 1961 Chevrolet-4 door automobile, registered owner being Arrow Chevrolet Co., said automobile bearing California license No. RECP. D. 139860, and said automobile was at the time and place of the accident hereinafter alleged being driven and operated by the defendant."

Paragraph III sets forth the place of the accident. Paragraph IV alleges negligence on the part of Lehman in the operation of her vehicle causing it to collide with the rear of the vehicle then being driven by the plaintiff Barba. Paragraph V alleges that "As a direct and proximate result of defendant's negligence, carelessness and unlawful conduct as aforesaid, and by reason of the collision so negligently caused by the defendant, Caryl N. Lehman (and owner, Arrow Chevrolet Co.) Marcos Barba was hurt and injured in his health . . ."

The second cause of action incorporates paragraphs I, II, III, IV and V of the first cause of action. The prayer is for damages against both defendants named.

On March 7, 1963, the defendant Arrow Chevrolet, Inc., filed its answer in which it admitted ownership of the vehicle driven by the defendant Lehman and "further specifically denies that defendant, Caryl N. Lehman, was negligently driving the described automobile owned by this answering defendant or acted in any manner other than cautious and prudent."

There is no specific allegation in the complaint that Lehman, at the time and place of the accident, was driving the vehicle owned by the defendant Arrow Chevrolet, Inc. with the latter's permission, express or implied. This allegation was necessary in order to hold the owner of the vehicle responsible for all purposes of civil damages in the event that the driver was found negligent and such negligence was the proximate cause of injury to a third person. (Veh. Code, § 17150.)

No separate answer was filed on behalf of the defendant Lehman. However, on November 9, 1965, in open court, an oral stipulation was entered into and recorded on the minutes, to the effect that the answer of the defendant Arrow Chevrolet, Inc., a corporation, be deemed to be the answer of the defendant Caryl N. Lehman. It was further provided in this oral stipulation that it should be reduced to writing and filed with the proper filing fees prior to the conclusion of this case by counsel for the defendant. It was further stipulated that the pretrial order be deemed applicable to the defendant Lehman. The foregoing stipulation was entered into by the attorneys who had represented the corporation defendant from the date of the latter's appearance in the action.

On October 30, 1964, the cause was pretried and a joint pretrial statement was presented and adopted by the court as part of the pretrial order. The joint statement was signed by the attorneys representing the defendant Arrow Chevrolet, Inc., a corporation, and such signature appears over the printing on the form which reads ''Attorney(s) for defendant(s),'' which would indicate that they were, at the time of pretrial, also representing the defendant Lehman. In the joint pretrial statement, under the heading ''1. AGREED OR ADMITTED MATTERS.**'' appears the following, ''The matters herein set forth are admitted by the pleadings, by answers to requests for admissions (C.C.P.Sec. 2033), or otherwise admitted: . . .'' The double asterisks call attention to the following paragraph in the bottom margin of page 1 of the joint statement form as follows ''**[As pointed out in par. A, II, (a) of the check list, if any of the items are 'not applicable' or 'disputed', it should be so stated. If 'disputed', the factual contentions with respect to such items should be set forth in 'Statement of Legal and Factual Contentions' (par. 9).]'' Under the caption ''AGREED OR ADMITTED MATTERS'' there appears amongst other things, the following two items. ''j.) *Permissive use* Not in issue'' and ''k.) *Agency* Not in issue.'' On the separate pretrial statement submitted by the defendants and adopted by the court in its pretrial order, there appears under the caption ''1. FACTUAL ISSUES REMAINING IN DISPUTE AND CONTENTIONS WITH RESPECT THERETO . . . Defendant Contends:'' the following, ''a. Defendant was not negligent. b. Defendant's negligence, if any, was not the proximate cause of plaintiff's injuries, if any. c. Nature and extent of injuries. d. Plaintiff suffered no damages. e. Plaintiff Marcos Barba was contributorily

negligent. f. The contributory negligence of plaintiff, Marcos Barba is imputed to the plaintiff, Bonifacio Romero." In the same separate pretrial statement there appears the following, "Legal. Issues Remaining In Dispute And Contentions With Respect Thereto . . . 1. Negligence, 2. Proximate cause, 3. Damages, 4. Nature and extent of injuries, 5. Contributory negligence, 6. Imputed contributory negligence."

On the separate pretrial statement filed on behalf of plaintiffs and adopted by the court in its pretrial order, appears the following, "Factual Issues Remaining In Dispute And Contentions With Respect Thereto . . . Plaintiffs contend that defendant, Caryl Lehman, while driving her employer's vehicle carelessly and negligently and in violation of the right of way of vehicle being operated by plaintiff Marcos Barba made a left turn directly in front of plaintiff's vehicle, resulting in a collision."

The cause came on for trial on November 9, 1965, at which time the plaintiffs made a motion to amend paragraph II of the first cause of action by adding thereto the words "with consent and permission of said registered owner." This motion was denied. The defendant Arrow Chevrolet, Inc. then made its motion for a dismissal of the action as to it or for judgment on the pleadings. The motion was granted and a judgment of dismissal as to it was entered on November 16, 1965. The judgment of dismissal was granted upon the grounds, as stated therein, "no cause of action was stated by plaintiffs, or either of them, against said defendant for imputed liability as an owner of an automobile driven by another."

It is apparent that the plaintiffs' complaint is inartfully drawn. It is equally apparent from the answer filed on behalf of the defendant Arrow Chevrolet, Inc. and its conduct at pretrial, that it was at all times aware that it had been sued on the theory that it was the owner of a vehicle which was involved in an accident wherein personal injuries were claimed to have been sustained by the plaintiffs and that it was further claimed that the vehicle was being operated, at the time of the accident, by a person who had permission to drive it. If Lehman, at the time of the accident, did not have permission from Arrow Chevrolet, Inc. to drive the vehicle, this lack of consent most certainly would have been asserted by the latter in its answer and at pretrial. Nothing appears in its answer on this issue, and at pretrial it specifically stated that permissive use was not in issue. Under these cir-

cumstances the plaintiffs could reasonably assume that the defendant Arrow Chevrolet, Inc. had given its permission for Lehman to drive the vehicle and that the question of permissive use, at the time of the accident, was not in issue. It further appears that it did not occur to the defendant Arrow Chevrolet, Inc. to take advantage of the deficiency in the pleadings until November 9, 1965, when the trial court, on motion of the plaintiff Marcos Barba, permitted an amendment to the complaint increasing the prayer for general damages by $50,000 to the sum of $150,000.

██ The court should show great liberality at all stages in permitting such amendments as will facilitate the production of all the facts bearing on the questions involved in the action, where this can be done without working great delay and without jeopardizing the rights of an adverse party, and where the cause of action and the issues involved will not be radically changed. (39 Cal.Jur.2d, Pleading, § 237, p. 346 and cases cited; 2 Witkin, Cal. Procedure (1954) Pleading, § 594, p. 1605.) ''Of course, the court's power to permit amendments of pleadings is not unlimited. ██ It has generally been said that an amendment may not be permitted where the effect of such amendment is to state 'another and distinct cause of action.' (Citations.) But this court has said, 'it is obvious that the unqualified way in which the rule is sometimes stated—i.e., that a new or different cause of action cannot be introduced by amendment—cannot be accepted. For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action; and in these, and often in the case of new parties, a new cause of action is in fact for the first time introduced. All that can be required, therefore (to use the language of Mr. Pomeroy), is that ''a wholly different cause of action'' shall not be introduced . . .' (Citations.) In determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated. As the court says in the *Frost* case (*supra*, p. 426 [132 Cal. 421 (64 P. 705, 84 Am.St. Rep. 53]), for the purpose of determining whether amendment is possible, the 'cause of action' referred to as furnishing the test means only the legal obligation which it is sought to enforce against the defendant. Other courts have used

almost identical language; the test is not whether under technical rules of pleading a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant. The power to permit amendment is denied only if a change is made in the liability sought to be enforced against the defendant. (Citation.)'' (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318].)

Where the original complaint failed to allege that the operator of a motor vehicle was driving it with the permission of the owners, it was held proper to allow an amendment to the complaint alleging the capacity in which the driver was operating the vehicle and that by permitting the amendment the court did not prejudice the rights of the defendants. (*Woods* v. *Cook,* 14 Cal.App.2d 560, 562 [58 P.2d 965].)

In the case at bench, the plaintiffs were attempting to enforce but one legal obligation against the defendant Arrow Chevrolet, Inc. This obligation, viewed in the light of a reasonable construction of the pleadings, pretrial statements and pretrial order, arose out of the ownership of a vehicle which plaintiffs claimed was being driven by another with the permission of the owner, express or implied. Nothing in the pleadings, statements and order, indicates that plaintiffs intended to hold the defendant Arrow Chevrolet, Inc. responsible under the theory of agency and there are no allegations contained therein upon which liability under such theory could be sustained. The proffered amendment did not give rise to a wholly distinct and different legal obligation against it. It related simply to the status of Lehman in driving the vehicle, and under the circumstances here shown could not prejudice the rights of the defendant Arrow Chevrolet, Inc. The court abused its discretion in refusing to allow the amendment and committed error in entering a judgment of dismissal.

Let the peremptory writ of mandate issue directing the trial court to set aside the judgment of dismissal, to permit a proper amendment to plaintiffs' complaint to allege permissive use, and to permit an amendment to the pretrial order to show that permissive use is an issue to be determined at the trial.

Ford, J., and Kaus, J., concurred.