Filed 11/21/22 Sierra Pacific Properties v. Otis Elevator CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SIERRA PACIFIC PROPERTIES, INC. et al., Cross-Complainants and Respondents, v. OTIS ELEVATOR COMPANY, Cross-Defendant and Appellant. | A162854, A163410, A163849 (Contra Costa County Super. Ct. No. MSC14-01279) |

In these consolidated appeals, Otis Elevator Company appeals after Sierra Pacific Properties, Inc. and Schindler Elevator Corp. obtained a judgment in their favor on their cross-complaint. Otis challenges the judgment entered against it, the trial court's failure to prepare a statement of decision, and an order awarding Sierra attorney fees pursuant to Civil Code section 1717, subdivision (a).[1] We affirm.

### BACKGROUND

### A.

Amy Zapotoczny was badly injured while riding in an elevator that suddenly malfunctioned. Sierra owned the building with the faulty elevator.

---

[1] Undesignated statutory references are to the Civil Code.

1

In 2005, Sierra contracted with Otis to modernize the building's three elevators (the modernization contract).

The modernization contract included the following indemnity clause: "[Otis] shall indemnify and hold harmless [Sierra] . . . from all . . . claims . . . brought for, or on account of, any actual or alleged personal injury, . . . arising out of, the negligent performance of the work by [Otis] . . . or the materials used in such work of performance, including all attorney's fees . . . and to pay all costs, expenses, attorneys' fees . . . attributable to such defense and should [Sierra] bring any suit or action or cross-complaint to compel performance of, or to recover for breach of, any covenant or condition contained herein . . . [Otis] shall pay to [Sierra] the reasonable attorney's fees incurred by [Sierra] therein . . . ." It further states, "It is understood and agreed that [Otis] shall have no obligation to defend any claim, suit or proceeding which is brought due to the negligence of [Sierra] or any other party."

In October 2007, Sierra contracted with Otis to maintain the elevators (the maintenance contract). The maintenance contract also has an indemnity clause: "[Otis] shall indemnify, defend, and hold harmless [Sierra] from and against any and all claims, . . . which directly or indirectly relate to or result wholly or in part from, or are alleged to relate or result wholly or in part from: [¶] 1. Services performed or required to be performed by [Otis]. [¶] 2. Any violation of this Agreement by [Otis]. [¶] 3. Any action or omission of [Otis] outside the scope of this Agreement." The indemnity clause further states that "[Otis] shall initially defend claims hereunder on behalf of [Sierra] through counsel approved in writing by [Sierra] . . . until such time as such counsel determines that exclusion in Item 1.13, D. may apply, or such counsel otherwise has a conflict of interest, or [Sierra] or [Sierra's] insurer reasonably determines that such counsel's performance is unsatisfactory." Subdivision D of Paragraph 1.13

2

provides that "[s]uch indemnity shall not apply to the extent of claims caused by the negligence or willful misconduct of the party, parties, seeking to be indemnified[.]"  It also states that "[f]or purposes of this clause 'negligence' by [Sierra] shall not include its passive failure to supervise [Otis]."

Otis maintained the elevators until late 2012.  Thereafter, Sierra retained Schindler to maintain the elevators.

**B.**

Two days after Zapotoczny was injured (in March 2013), Schindler's mechanics inspected the elevator and concluded it malfunctioned because zip ties, rather than mechanical fasteners such as screws, were used to secure the elevator's clutch in position.

Zapotoczny sued Schindler and Sierra for negligence and alleged a premises liability cause of action against Sierra.  The negligence cause of action alleged the defendants "so negligently and carelessly operated, supervised, cared for, inspected, and/or maintained the elevator that when the elevator had stopped on the third floor, the elevator suddenly dropped several floors," resulting in Zapotoczny's injuries.

Sierra tendered its defense to both Schindler and Otis.  Schindler accepted Sierra's tender and defended Sierra in the lawsuit; Otis failed to respond.  Sierra and Schindler then filed a cross-complaint against Otis for contractual and equitable indemnity.  Otis rejected the tender.

Otis moved for summary judgment on the cross-complaint, asserting (among other points) that it owed Sierra no duty to indemnify because *any* negligence on the part of Sierra or a third party relieved it of any such obligation.  The trial court rejected this interpretation of Otis's indemnity clauses and concluded that Sierra could seek indemnity from Otis to the extent that Otis's negligence caused Zapotoczny's injuries.  Because it was not clear

3

who installed the zip ties and triable issues of fact existed as to Otis's negligence, the trial court denied the motion.

At trial on Zapotoczny's action, a jury found Sierra and Schindler were both negligent and awarded her over $5.6 million in damages. It determined Otis was not negligent.

## C.

After the jury trial, the parties submitted briefs seeking a ruling on whether Otis had a duty to defend Sierra.[2] Schindler contended Otis should have shared the costs of defending Sierra, and it sought contribution for those costs. The court found that, under the agreements, Otis generally owed a duty to defend Sierra against claims that assert negligence by Otis. However, the court concluded that—although the scope of Otis's duty to defend was not determined by the fact it ultimately owed no indemnification—Otis's duty to defend Sierra was not triggered because Zapotoczny's complaint did not *expressly* allege negligence by Otis. The court thus rejected Schindler's claims to recover defense costs.

The court entered judgment on the underlying action and cross-complaint. It also awarded Otis attorney fees, under section 1717, and costs.

## D.

Sierra and Schindler appealed from the judgment on the cross-complaint (*Sierra Pacific Properties v. Otis Elevator Co.* (Jan. 27, 2020, A154578) [nonpub. opn.], 2020 Cal.App.Unpub.LEXIS 564 (*Sierra I*)). They argued that the trial court erred in concluding Otis owed Sierra no duty to defend Zapotoczny's suit on tender.

---

[2] It was undisputed Otis did not have to indemnify Sierra after the jury found Otis not negligent.

4

In *Sierra I*, another panel of this court agreed with Sierra and Schindler, concluded that Zapotoczny's allegations triggered Otis's contractual duty to defend Sierra, and that "the equities entitle Schindler to contribution from Otis for defense costs." (*Sierra I, supra,* A154578.) *Sierra I* reversed the judgment and Otis's fees award. This court also remanded the matter to the trial court "to apply the equitable contribution doctrine," to "determine Otis and Schindler's equitable shares of the defense costs," and to "allocate the defense costs among Otis and Schindler accordingly." (*Ibid.*)

Otis petitioned for rehearing, arguing first that the court lacked jurisdiction to reverse both parts of the two-part judgment on the cross-complaint, as it was undisputed that the judgment for Otis on Sierra's contractual indemnity claim had not been appealed. Otis also argued that it was still entitled to its fee award, which had not been separately appealed, because it remained the prevailing party on Sierra's contractual indemnification claim and Sierra could not prevail on its remanded breach of contract (duty to defend) claim—because it did not pay defense costs out of pocket.

The *Sierra I* court denied Otis's petition for rehearing, but it modified the disposition to make clear that it had not reversed the entire judgment. Specifically, the modified disposition clarified: "We reverse the portion of the judgment on the cross-complaint as to Otis's duty to defend and the award of costs and attorney's fees to Otis. We affirm the portion of the judgment on the cross-complaint as to Otis's duty to indemnify. We remand to the trial court to (1) determine the prevailing party for the purposes of awarding attorney's fees; (2) apply the equitable contribution doctrine; (3) determine Otis's and Schindler's equitable shares of the defense costs; and (4) allocate the defense costs among Otis and Schindler accordingly."

5

**E.**

On remand, Sierra and Schindler moved for equitable contribution (to Schindler) and an award of attorney fees (to Sierra).

Otis argued that, despite *Sierra I*'s conclusion—Otis owed Sierra a duty to defend that was triggered on tender—Sierra still had to prove to a trier of fact the remaining element of contract damages— because it sought defense costs via a breach of contract claim. Otis also argued that Sierra could not prove that element because Schindler's insurer paid Sierra's defense costs. Otis argued that it accordingly remained entitled to its award of fees, under section 1717, as the prevailing party on the only contract claim in the action.

The trial court rejected Otis's argument and determined Sierra was the prevailing party on its contract claims because it established that Otis owed it both a duty to defend and a duty to indemnify to the extent of its negligence. Accordingly, the court ordered Otis to pay Sierra $547,532.33 in fees and costs.

Otis also argued on remand that the equitable contribution doctrine did not apply to noninsurers like Otis. In the alternative, Otis argued that Schindler would not be entitled to equitable contribution because Schindler's *insurer* was the entity that actually paid Sierra's defense costs.

The trial court agreed with Schindler that *Sierra I* had already unequivocally determined that Otis must equitably contribute to Sierra's defense costs and the only question for the trial court on remand was the determination of Otis's equitable share. The court also rejected, as settled by the law of the case, Otis's position that Schindler was not entitled to equitable contribution unless it proved it directly paid Sierra's defense costs. The court concluded contribution in equal shares was appropriate.

6

The trial court entered judgment in favor of Schindler and Sierra on the cross-complaint, awarding Schindler $275,069 in equitable contribution from Otis and ordering Otis to pay the prevailing party (Sierra) $547,532.33 in fees and costs. The trial court later granted a post-judgment motion for attorney fees (incurred between the initial post-remand briefing and entry of judgment), ordering Otis to pay Sierra an additional $124,034.36 in fees.

## DISCUSSION

### A.

Otis argues that the trial court erred, on remand, by failing to hold Sierra to its burden to prove the damages element of its breach of contract claim and awarding Sierra more than $671,000 in attorney fees—as contract damages—without requiring proof that Sierra itself paid defense costs. Otis is wrong.

### 1.

When a contract includes an attorney fee provision, section 1717 governs. (§ 1717, subd. (a); *Gilbert v. Master Washer & Stamping Co.* (2001) 87 Cal.App.4th 212, 216-217.) The "party prevailing on the contract" is entitled to reasonable attorney fees regardless of whether they are the party specified in the contract. (§ 1717, subd. (a); *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1090-1091.)

Section 1717 makes clear that the prevailing party "shall be the party who recovered a greater relief in the action on the *contract.*" (§ 1717, subd. (b)(1), italics added; *City of Los Angeles Dept. of Airports v. U.S. Specialty Insurance Co.* (2022) 79 Cal.App.5th 1039, 1043 (*City of Los Angeles*).) But the court may also decide neither party prevailed. (§ 1717, subd. (b)(1); *City of Los Angeles, supra,* at p. 1043.)

7

**2.**

Otis cites *Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1088-1089 and *Bramalea California, Inc. v. Reliable Interiors, Inc.* (2004) 119 Cal.App.4th 468, 471-473 for the principle that a plaintiff cannot recover—as damages in a breach of contract action—attorney fees that it did not actually incur. Because Schindler accepted Sierra's tender, Otis maintains Sierra cannot show it actually suffered any loss in *defending* Zapotoczny's suit.

First, Otis may be correct that the trial court (before the *Sierra I* appeal) addressed only the legal question of whether Otis owed a duty to defend Sierra that was triggered at tender. However, this does not mean that the trial court on remand— after *Sierra I* determined Otis owed a duty to defend Sierra on tender—was required to hold a trial on contract damages. The record does not support Otis's position that Sierra "has not proven a single claim against Otis." That notion is premised on the idea that Sierra, in its cross-complaint, *only* sought damages for breach of contract. But Sierra also sought declaratory relief regarding Otis's indemnity and defense obligations. And Sierra successfully obtained such relief in *Sierra I*. (*Sierra I, supra,* A154578; see Code Civ. Proc., § 1060 [any person "may ask for a declaration of [contractual] rights or duties, either alone or with other relief . . . and the [court's] *declaration shall have the force of a final judgment*"], italics added.)

Second, the record makes clear that the trial court did not award Sierra damages for Otis's breach of its duty to defend; rather, it awarded Sierra attorney fees as the prevailing party on the contract claims, under Civil Code section 1717. Although attorney fees awarded under a contract were once considered to be an element of contract damages, the enactment of Civil Code section 1717 changed that view. (*Walker v. Ticor Title Co. of California* (2012) 204 Cal.App.4th 363, 372 .) Under Civil Code

section 1717, subdivision (a), attorney fees are not awarded as damages, but instead "shall be fixed by the court" as an item of costs. (*Walker, supra,* at p. 372.) The court may both determine "the party prevailing on the contract" and fix the amount of attorney fees on a noticed motion. (Civ. Code, § 1717, subds. (a), (b)(1); Code Civ. Proc., § 1033.5, subds. (a)(10), (c)(5).) That is precisely what happened here and all that the *Sierra I* disposition allowed. (*Sierra I, supra,* A154578.)

In fact, Sierra's papers in support of its attorney fees motion show that it sought only the fees incurred in *prosecuting* its cross-complaint. Otis does not argue that the fees incurred to prosecute the cross-complaint have been paid by anyone other than Sierra. And, even if it did, it is settled that Sierra may recover its attorney fees as the prevailing party regardless of whether it actually paid them. (See, e.g., *Sonoma Land Trust v. Thompson* (2021) 63 Cal.App.5th 978, 984–985 [attorney fee awards generally based on fair market value of services provided and not amount party actually paid]; *Staples v. Hoefke* (1987) 189 Cal.App.3d 1397, 1410 [awarding fees despite insurance coverage].) None of Otis's cited authorities hold to the contrary.

Having concluded that attorney's fees were properly fixed by the trial court via its rulings on Sierra's noticed motions (Civ. Code, § 1717, subds. (a), (b)(1)), we need not further consider Otis's related argument that the trial court erred by denying Otis's request for a statement of decision. (See Code Civ. Proc., § 632 [court shall issue statement of decision after "trial of a question of fact by the court"]; *In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 353-354.)

## B.

In the alternative, Otis challenges the trial court's conclusion that Sierra was the prevailing party under section 1717. Otis insists that, despite losing on the issue of whether it owed Sierra a duty to defend that was triggered at tender, the

9

only reasonable conclusion is that Otis is the prevailing party. We disagree.

## 1.

In deciding if there is a " 'party prevailing on the contract,' " the trial court must compare the relative success of each party in achieving their litigation objectives on the contract claims, as shown by the parties' pleadings, trial briefs, and similar sources. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 (*Hsu*).) This is necessarily a fact-driven inquiry that requires courts to consider each case's unique circumstances. (*Id.* at p. 877; *Marina Pacifica Homeowners Assn. v. Southern California Financial Corp.* (2018) 20 Cal.App.5th 191, 207.) In exercising its discretion, the trial court should also weigh equitable considerations. (*Hsu, supra*, at p. 877.) "For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." (*Ibid.*)

We review the trial court's determination of the prevailing party for abuse of discretion. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.)

## 2.

Otis contends it remained the prevailing party on the contract action after *Sierra I* because (a) Sierra could not prevail on its sole breach of contract claim without establishing contract damages; and (b) *Sierra I* did not reverse the portion of the judgment concluding Sierra was to take nothing on its contractual indemnity claim.

Otis's argument runs afoul of this court's analysis above, as well as the *Sierra I* opinion and the law of the case. Under the law of the case doctrine, a " ' "decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of

10

the rights of the same parties in any subsequent retrial or appeal in the same case." ' " (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.) Although the doctrine generally does not extend to points " 'which might have been but were not presented and determined in the prior appeal,' " it does apply " 'to questions not expressly decided but implicitly decided because they were essential to the decision on the prior appeal.' " (*Ibid.*)

If one party has obtained "a simple, unqualified" victory on the only contract claim in the action, the court *must* grant fees to that party—as "the party prevailing on the contract as a matter of law." (*Hsu, supra*, 9 Cal.4th at pp. 865–866.) Here, however, Otis did not win an unqualified victory. Instead, Otis completely lost on one of the contract claims—when the *Sierra I* court determined it owed Sierra a duty to defend Zapotoczny's claims upon tender. (*Sierra I, supra,* A154578.) After all, an action seeking a declaration of contractual rights "is an action on the contract." (*Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1239-1240.)

Thus, *Sierra I* decided that Otis was not the sole victor on the contract claims. In reversing the original fees award in Otis's favor and remanding the matter to the trial court for determination of a prevailing party on the contract action, the *Sierra I* court necessarily recognized as much and thereby rejected the crux of Otis's current argument. (See *Sierra I, supra,* A154578; see also *Hsu, supra,* 9 Cal.4th at p. 876 ["prevailing party determination is to be made only upon final resolution of the contract claims"]; *Ulkarim v. Westfield LLC* (2014) 227 Cal.App.4th 1266, 1282 [reversal of judgment on which fees order is based necessarily compels reversal of fees order regardless of whether it was separately appealed].)

Otis is correct that, even after *Sierra I* decided Otis owed a duty to defend Sierra in Zapotoczny's suit, it remained undisputed that Otis did not have to *indemnify* Sierra for any

11

portion of Zapotoczny's judgment. The jury found Otis was not negligent, Sierra never appealed from that portion of the original judgment, and the *Sierra I* court's modified disposition made clear that this portion of the judgment was affirmed.

But this does not mean that Otis prevailed on the contract claims as a matter of law. Even if Otis is correct that it prevailed on one breach of contract claim (indemnity), it lost on another contract claim (duty to defend). When results are mixed, the trial court generally has discretion to determine which party prevailed or to decline to award fees to either party because neither prevailed. (*Hsu, supra*, 9 Cal.4th at pp. 875–876 & fn. 10; *Marina Pacifica Homeowners Assn. v. Southern California Financial Corp., supra,* 20 Cal.App.5th at pp. 205-206.)

Moreover, as to the indemnity issue, we must distinguish the contract claim (Otis's contractual duty to indemnify Sierra for Otis's negligence) from the tort claim (Otis's negligence). The jury absolved Otis of *negligence*. That success does not make it a prevailing party on the contract claim, for purposes of section 1717. (See *Hsu, supra*, 9 Cal.4th at pp. 873-874.)

As far as the contract goes, the trial court did not abuse its discretion in concluding Sierra prevailed. The record indicates that Otis's primary litigation objective in the contract litigation was to establish, as a matter of contract interpretation, that it had *no* burden to defend or indemnify any claims that alleged Sierra was either actively or passively negligent. In this area, Otis achieved no success. The trial court, in its summary judgment ruling, rejected Otis's narrow interpretation of its contractual indemnity obligation and determined that Otis *had* a duty to indemnify Sierra *to the extent* it was negligent. Then, after the jury trial, both the trial court and the *Sierra I* court further rejected Otis's construction of its duty to defend. In short, Otis's interpretation of its contractual obligations to defend and indemnify was wholly rejected. Sierra, on the other hand, got the

12

benefit of its contractual bargain by ensuring Otis bore the risk on both indemnity and defense costs.

In these circumstances, we are not persuaded that the trial court was required to focus narrowly on the fact that Sierra took nothing on its indemnification claim—because Otis was not negligent—and to discount Sierra's multiple victories on contract interpretation. (See *City of Los Angeles, supra*, 79 Cal.App.5th at p. 1045.) Otis has failed to show that the trial court abused its discretion in determining Sierra was the party prevailing on the contract action.

## C.

Next, Otis maintains that the trial court erred by requiring it to reimburse Schindler—under the equitable contribution doctrine—for half of Sierra's defense costs. Otis maintains the doctrine does not apply because (a) Otis is not an insurer and (b) Schindler has not demonstrated that *it* (as opposed to its insurer) paid more than its fair share of Sierra's defense costs. Otis fails to demonstrate error.

### 1.

The equitable contribution doctrine "is predicated on the commonsense principle that where *multiple insurers* or *indemnitors* share equal contractual liability for the primary indemnification of a loss or the discharge of an obligation, the selection of which indemnitor is to bear the loss should not be left to the often arbitrary choice of the loss claimant, and no indemnitor should have any incentive to avoid paying a just claim in the hope the claimant will obtain full payment from another coindemnitor." (*Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1998) 65 Cal.App.4th 1279, 1295, italics added.) The goal of equitable contribution is to apportion the loss so that each "pays its fair share" and one does not profit at the others' expense. (*Id*. at p. 1296.) Any other result—by providing a

13

windfall to the insurer or indemnitor who declined to abide by its contractual obligation—would incentivize it to refuse to defend. (*Id.* at p. 1290.)

**2.**

Schindler insists that consideration of Otis's arguments is precluded under the doctrine of law of the case.

In opposing Schindler's original post-trial motion seeking equitable contribution, Otis did not argue—as it does now—that the doctrine only applies when two or more *insurers* cover the same risk. Nor did Otis argue that the equitable contribution doctrine was so limited in seeking to uphold the original judgment on the cross-complaint. It is no surprise then that the *Sierra I* opinion does not explicitly address the argument. (*Sierra I, supra,* A154578.)

Otis forfeited its current argument by failing to initially present it. Furthermore, we agree that *Sierra I*—when it held that "the equities entitle Schindler to contribution from Otis" and remanded with instructions to "apply the equitable contribution doctrine"—implicitly rejected Otis's argument that equitable contribution only applies between two or more insurers covering the same risk. (*Sierra I, supra,* A154578.) On remand, the trial court did not err in refusing to address Otis's new argument and following *Sierra I* under the doctrine of law of the case. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 399; *Davis v. Edmonds* (1933) 218 Cal. 355, 358.) Otis does not contend that any exceptional circumstances counsel against application of the doctrine.

We need not decide the impact of law of the case on Otis's second argument. Otis is correct that, to acquire a right to contribution, an insurer or indemnitor must show it paid more than its fair share of the relevant loss. (*Scottsdale Ins. Co. v. Century Surety Co.* (2010) 182 Cal.App.4th 1023, 1036

14

(*Scottsdale*).) However, Schindler's ability to establish this prerequisite was essentially conceded until now.

Here, unlike in *Scottsdale* or the additional case authority Otis cites, it has always been undisputed that Schindler *alone* defended Sierra. *Scottsdale*—which involved more than two insurers—itself recognizes: " '[O]ne insurer' could recover if it defended the action without any participation from the other insurers with a duty to defend. Clearly, *a single insurer who bears the entire defense burden has paid more than its fair share of the defense costs*." (*Scottsdale, supra*, 182 Cal.App.4th at pp. 1035-1036, some italics added and italics omitted.)

Again, Otis did *not* argue (in *Sierra I* or its preceding post-trial briefing) that Schindler was not entitled to equitable contribution because Schindler's insurer paid all of Sierra's defense costs. And Otis does not cite any evidence in the record to establish the necessary factual predicate for its argument here. The time to raise Otis's current argument has come and gone. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 538 [forfeiture rule applies to arguments a party could have but did not raise on prior appeal].)

Otis has not demonstrated error in the trial court's equitable contribution award.

## DISPOSITION

The judgment and post-judgment order awarding attorney fees are affirmed. Sierra and Schindler are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

15

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

HUMES, J.*

A162854, A163410, A163849

* Presiding Justice of the Court of Appeal, First Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

0ate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16